T. B. TWITTY et al., Ex't'rs, v. W. B. LOVELACE.

*Contract to Convey Land—Powers—Executors.*

1. Where, acting under a power conferred by a will to dispose of the testator's estate in his land, the executor contracts to sell the testator's interest in a certain tract of land, and upon payment of the purchase money to convey such interest in fee to the purchaser, the executor is not liable, under the terms of this contract, either individually or in his representative capacity, for a failure in making title to a part of the land.

2. Before the act of 1797, (*The Code,* §1492,) when the obligor in a bond to make title died before doing so, the obligee had to look to the heirs, but that act conferred the power to make title in such cases upon the administrator, but he could only convey such title as his intestate had, and this only to the purchaser.

(*Osborne* v. *McMillan,* 5 Jones, 109; cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* at Spring Term, 1886, of RUTHERFORD Superior Court.

The plaintiffs, executors of Sarah Hamilton, by virtue of a power conferred in her will, made sale of certain land as belonging to her to the defendant, and some three or four weeks thereafter, executed and delivered to him the following instrument in writing:

" BOND FOR TITLE.—Received of W. B. Lovelace $1,500, (check) on First National Bank, Charlotte, drawn by H. D. Lee & Co., in favor of W. B. Lovelace, and endorsed by him to L. F. Churchill, also a note for $1,500, to be due, with interest at eight *per cent.* from date (December 27th,

1883), on 1st December, 1884, the above being the consideration for Miss Sarah Hamilton's interest in her farm, known as her 2d Broad River plantation, containing about 465 acres, and on payment of said note and interest, W. B. Lovelace is to have a deed in fee for said interest, from the executors of said deceased. December 27th, 1883."

The present action is to recover the amount due on the note, which represents the residue of the purchase money. The defendant resists the payment of the debt in full, alleging that the testatrix had only an estate for life in a portion of the land mentioned in the contract, consisting of 136 acres, for which suit has been brought against him by persons claiming as heirs at law of one James Arthur, and which suit had been compromised, and the title assured, by the payment of $200. For this sum he demands a deduction from what he yet owes. Two issues were submitted and responded to by the jury, to-wit:

1. Are the plaintiffs unable to perform their contract set forth in the complaint? Answer—No.

2. What are defendant's damages? Answer—None.

During the trial, the Court announced that the jury would be instructed, that upon its face, the contract undertook to convey only such interest as the testatrix had in the land, and that the defendant was not entitled to damages under his counter-claim in abatement of the debt, if the plaintiffs were able and willing to make such conveyance.

The defendant thereupon, before the jury were charged, moved to add this additional issue: "Was the price mentioned in the contract a fair price for an estate in fee simple in the land described in the complaint?

The motion was refused, and the defendant excepted, and appealed from the judgment against him.

*Mr. W. P. Bynum,* for the plaintiffs.
*Mr. John F. Hoke,* for the defendant.

SMITH, C. J., (after stating the facts). The only question presented on the appeal, is the correctness of the interpretation put upon the contract by the Court, since the refusal to allow a third issue, if the subject of exception at that stage of the trial, is connected with and dependent on it. In this we concur in the opinion of the Judge, that a conveyance of the interest which the testatrix had in the entire tract, fulfills the requirements of the contract. It is stated that the sale of the premises was made some weeks before the paper writing was delivered, and it is not to be supposed that the verbal contained more stringent obligations than are found in the written undertaking. The executors were but exercising a power, and acting as trustees in carrying out the directions of the will which confers the power and imposes the trust, and this would be done by selling the estate, whatever that might be, which was vested in the testatrix, without a personal assumption as to its nature and extent. This is plainly expressed in the contract itself, for it declares the price to be paid is " the consideration for *Miss Sarah Hamilton's interest* in her farm," and that when the purchase money has been paid, the defendant "is to have a deed in fee for said *interest* from the executors." The stipulation is to convey *her interest,* and to execute a deed in form sufficient to pass her estate in fee simple, if such she had.

It would be most unreasonable to expect the executors to enter into a *personal* obligation as to the title, or to attempt to impose it upon the trust estate. The latter they could not do, since the power given is to dispose of the testatrix's estate—not a larger or a better estate than she possessed in the farm, but that estate or interest which was vested in her. We have an illustration of the principle in *Osborne* v. *McMillan,* 5 Jones, 109, where the administrator of one who had entered into a contract for the sale of land, and had not made the deed, executed a deed therefor containing a covenant of quiet enjoyment, under the act of 1797, (*The Code,* §1492,) and

was sued because of an eviction under a paramount title in another. Delivering the opinion, NASH, C. J., uses this language :

" Before the passage of the act of 1797, when a vendor entered into a bond to make title, and died before doing so, his heirs were the proper persons on whom the purchaser had the right to call for the necessary conveyance. If they refused to convey the title, the purchaser was driven into a Court of Equity, and to such a suit the heirs were necessary parties. This proceeding was attended with much delay, trouble and expense. To avoid this expense, trouble and delay, the acts were passed, and they are express in limiting the operation of the administrator's deed, *so far as the estate of the intestate is concerned, to the title of the intestate.*"

The analogy in the cases is strong. As the statute enables the representative to pass the intestate's or testator's title, and this only to the purchaser, so the will, without aid from the statute, confers the same power to sell and convey the title of the testatrix in the land, and this is the full extent to which, as executors, discharging a fiduciary duty, the defendants could go, or have attempted to go.

There is no error, and the judgment must be affirmed.

No error.                                                   Affirmed.