J. T. HORNEY v. THOMAS C. MILLS.

(Filed 3 June, 1925.)

1. **Courts—Jurisdiction—Demurrer—Waiver—Supreme Court—Statutes.**

A demurrer to the jurisdiction of the court for that the allegations of the complaint are insufficient to constitute a cause of action, may be made upon motion to dismiss at any time when properly brought before the court, and originally in the Supreme Court under the provisions of C. S., 518, and a failure to have previously done so cannot be held as a waiver of the right.

2. **Same—Pleadings—Questions of Law.**

Upon demurrer to the jurisdiction of the court that the allegations of the complaint are insufficient to constitute a cause of action, the rule that the allegations of fact of the pleader are taken to be true for the purposes of passing upon the demurrer is inapplicable to his erroneous conclusions of law.

3. **Same—Principal and Agent—Commission—Sales.**

Where an agent for the sale of land sues the owner for compensation for his services, the allegations of his complaint in effect that he was

to sell the lands so as to give the owner the right to reject the sale provided the amount did not exceed a certain sum, that at the sale accordingly made this sum was not realized and the owner refused to confirm: *Held*, the further allegation that as a part of this contract he was to receive a certain sum of money to pay for expenses is construed as depending upon his effecting a sale within the terms of the contract, and a demurrer is good.

**4. Pleadings—Answer—Verification—Demurrer.**

Where the complaint has been verified, an unverified answer is insufficient, and a proper motion for judgment for the want of an answer aptly made will be sustained.

APPEAL by defendant from *Stack, J.,* at February Term, 1925, of BUNCOMBE.

On 11 May, 1923, defendant owned a tract of land situate in or near the town of Tryon, Polk County, N. C., containing 63 acres, more or less. Plaintiff was, on said date, engaged in business at Asheville, N. C., as a regular land auctioneer, maintaining an organization to handle sales of real estate. Said organization consisted of a force of highly trained and expensive men, including surveyors, advertising men, musicians, ground men, etc. On said date plaintiff and defendant entered into a contract, in writing, by which plaintiff agreed to offer for sale, at public auction, or otherwise, for defendant, on or before 25 June, 1923, the said tract of land. Plaintiff agreed to subdivide said tract of land into as many lots or tracts as he deemed advisable, and to advertise said sale in newspapers and by handbills, posters, personal letters, etc., to such extent and in such manner as he deemed necessary. Plaintiff further agreed to furnish on the day of sale all necessary prizes, guessing cards, contracts, ground workers, auctioneers and clerks; also a band of music if he deemed same necessary, and all other help necessary in order to conduct the sale in a rapid and business-like manner.

Defendant, in consideration of the services to be performed by plaintiff, in making a sale of said land, agreed to pay plaintiff, at the close of the sale, 10 per cent of the gross receipts of said sale, as evidenced by contracts signed by purchasers of the different tracts or lots sold at said sale. All commissions or overage due plaintiff were to be payable, in cash, at the close of the sale. Defendant agreed to confirm the sale or sales of the said lots or tracts, provided the land brought a total sum of $3,600. If the land did not bring a total of $3,600 at said sale, defendant was to be under no obligation to confirm the same. If the land was not sold at the sale provided for in the contract, plaintiff should have 30 days thereafter in which to effect a sale, privately or otherwise, on the same terms and conditions as those set out in the contract.

The fifth and eleventh paragraphs of the contract are as follows: "5th. It is understood and agreed that the party of the first part (defendant) is to pay to the party of the second part (plaintiff), in addition to the commission or overage heretofore mentioned, $600 in cash, to help pay the expenses of said sale."

"11th. Party of first part (defendant) is to pay to party of second part (plaintiff) $600, in addition to the 10 per cent commission on said sale, and party of second part is to subdivide the tract into as many lots as is necessary and do necessary road work to get to place."

Summons in this action was duly issued on 6 June and served on defendant on 9 June, 1923. On 8 June, 1923, plaintiff filed a duly verified complaint, in which the execution of the contract dated 11 May, 1923, by plaintiff and defendant is alleged. Plaintiff then alleges, as follows:

"That this plaintiff, complying with said contract, did have said land and premises described in said contract, at his own cost and expense, subdivided, platted, advertised and offered for sale at public auction; that he failed to get purchasers and bidders at said sale satisfactory to defendant, and defendant failed and refused to confirm any sales as made or to accept any offers received; that plaintiff was present in person on day of said sale, and tried in all ways within his power to make the sale a success; and that his services were worth much more than a minimum of $600; that because the said land did not sell as defendant hoped and expected, the said defendant failed and refused and still fails, neglects and refuses to pay to plaintiff the contract price of $600 on account of services and expenses, and which said sum is due the plaintiff."

Plaintiff demands judgment that he recover of defendant the sum of $600 and interest from 1 June, 1923; the costs of the action and such other relief, etc.

On 12 June, 1923, defendant filed answer to the complaint; this answer was not verified at time of filing, or at time when the case was called for trial at February Term, 1925. This answer was prepared and filed by defendant, *in propria persona sua.* Judgment was rendered that plaintiff recover of defendant, by default, the sum of six hundred dollars, with interest from 6 June, 1923, and the costs. This judgment was signed on 12 February, 1925.

On 16 February, 1925, defendant by his attorneys of record, caused notice to be served on plaintiff that he excepted to said judgment for that same was contrary to law, and that he appealed therefrom to the Supreme Court of North Carolina.

*Eugene C. Ward for plaintiff.*
*Carter, Shuford, Hartshorn & Hughes for defendant.*

CONNOR, J. Plaintiff seeks to recover, in this action, upon a contract, in writing, executed by plaintiff and defendant, dated 11 May, 1923. Summons was issued on 6 June, 1923. Plaintiff filed his duly verified complaint on 8 June, 1923. The summons, together with a copy of the verified complaint was duly served on defendant, on 9 June, 1923. Defendant filed his answer to the complaint on 12 June, 1923, in which he denied each and all the material allegations of the complaint. This answer was not verified.

At February Term, 1925, plaintiff moved for judgment upon his verified complaint. The answer had not been verified; no motion was made by defendant for leave to verify the same. The Court being of opinion that, upon the verified complaint, no verified answer thereto having been filed by defendant, plaintiff was entitled to recover of defendant, rendered judgment in accordance with the prayer of the complaint. No exception was taken by defendant to the judgment at time same was rendered. It does not appear that defendant was present or represented by attorneys when judgment was rendered. Within ten days after its rendition, defendant, through his attorneys, caused his appeal from the judgment to be entered by the clerk on the judgment docket, and notice thereof to be served on plaintiff; C. S., 641 and 642.

Upon his appeal, in this Court, defendant contends that there was error in rendering judgment upon the complaint (1) for that no cause of action is alleged therein and (2) for that a delay in moving for judgment by default for want of verified answer from the date of filing the answer, 12 June, 1923, to the date of the motion for judgment, February Term, 1925, was, as a matter of law, a waiver of the right to have the answer stricken out, because same was not verified when filed, and also of the right to have judgment entered by default.

Defendant's first contention is, in effect, a demurrer *ore tenus* to the complaint, for that same does not state facts sufficient to constitute a cause of action. This contention is made for the first time, upon appeal, in this Court, and must be considered under C. S., 518. It has not been waived by failure of defendant to take the objection either by demurrer or answer. If an objection to a complaint, other than that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action, is not made by demurrer, or by answer, it is waived. Objections upon either of these grounds are not waived, even by the filing of an answer denying the allegations of the complaint. "When a complaint does not state a cause of action, the defect is not

waived by answering, and defendant may demur *ore tenus,* and the Supreme Court may take notice of the insufficiency, *ex mero motu."* *Garrison v. Williams,* 150 N. C., 674. Upon this contention it is immaterial whether the answer filed is sufficient or not.

The demurrer *ore tenus,* however, admits the truth of the facts alleged in the complaint. *Hayman v. Davis,* 182 N. C., 563. If the facts alleged in the complaint, admitted to be true, upon consideration of the demurrer, and construed liberally, with every reasonable intendment and presumption in favor of plaintiff, constitute a cause of action, in favor of plaintiff and against defendant, the demurrer must be overruled; otherwise the demurrer must be sustained.

The contract upon which this action is brought is referred to and made a part of the complaint. It is in writing, signed by the parties, and a copy thereof is attached to the complaint. The rights and duties of the parties thereto must be determined by a construction of the contract. This is a matter of law for the court, and the court, in determining the mutual rights and duties of plaintiff and defendant, under the contract, is not bound by the construction of the contract, adopted by plaintiff and set out in his complaint, as a basis for a cause of action against defendant. Only facts alleged in the complaint are to be taken as true in considering the question presented by defendant as to whether or not these facts are sufficient to constitute a cause of action in favor of plaintiff and against defendant, arising out of the contract. Plaintiff's conclusions of law upon the facts admitted by the demurrer *ore tenus* are not admitted by defendant or binding upon the court; *Carpenter v. Hanes,* 167 N. C., 552.

Plaintiff's construction of the contract as providing not only for the sale of the land by plaintiff for defendant, but also for its subdivision, etc., into lots by plaintiff, and for the payment by defendant to plaintiff of commissions for the sale and also of $600 for the subdivision, etc., upon an examination of the contract in its entirety is not sustained. The primary purpose of the contract, as disclosed by such examination, is the sale of the land by plaintiff for defendant and compensation by defendant to plaintiff for the full and final performance of the contract. Commissions are due and payable only at the close of the sale. It appears from the complaint that no sale was made, and, therefore, no commissions were due by defendant to plaintiff. The sum of $600 was to be paid in addition to commissions to help pay the expenses of the sale and the preparation of the land for the sale. Under the terms of the contract, this sum was due and payable only in the event that the land was sold.

Plaintiff alleges generally that he complied with said contract, but this is a conclusion of law. It appears by express allegations in the

complaint that plaintiff failed to get purchasers and bidders satisfactory to defendant. It is not alleged that the land brought at the sale $3,600. It is expressly provided in the contract that if the land failed to bring a total of $3,600, defendant should be under no obligation to confirm the sale.

Defendant's contention that the facts alleged in the complaint are not sufficient to constitute a cause of action must be sustained.

We cannot, however, sustain defendant's second contention that plaintiff, by delaying to move for judgment by default for want of a verified answer from the date of the filing of the answer to the date of the hearing of the motion, waived his rights. When a complaint, duly verified, is filed, the answer thereto must also be verified. C. S., 528. An unverified answer to a complaint, duly verified, is not sufficient to raise issues for trial by jury. Plaintiff, who has filed his complaint, is entitled to judgment, in accordance with the facts alleged, if no answer denying the allegations is filed by defendant within the time allowed by statute, and if the complaint is duly verified, an unverified answer is, under the statute, no answer. Delay in moving for judgment upon the complaint for want of an answer does not, as a matter of law, waive plaintiff's rights. Such delay may properly be considered by the court in passing upon defendant's motion for leave to file an answer or to verify an answer previously filed, such motion being addressed to the discretion of the court, the exercise of which is not reviewable by this Court; *Wilmington v. McDonald,* 133 N. C., 548; *Church v. Church,* 158 N. C., 564. C. S., 536.

For the reason stated in this opinion, the judgment must be
Reversed.