C. B. LANE v. GRAHAM COUNTY ET AL.

(Filed 21 December, 1927.)

**1. Pleadings—Demurrer—Admissions.**

A demurrer to the complaint admits only the facts properly alleged, and not the legal conclusions inferable therefrom.

**2. Taxation—Counties — Sheriffs—Actions—Publication of Sale—Newspapers—Parties.**

Publication of sale of real property for unpaid taxes as directed by the statutes on the subject, is the official duty of the sheriff, and to be made on the day directed by the county commissioners; and the newspaper in which these notices are published has a right of action against the sheriff contracting for their publication, and not against the board of county commissioners, which only makes an allowance to the sheriff to cover such charges. C. S., 8014, 8015, 8009.

LANE *v.* GRAHAM COUNTY.

APPEAL by defendant from *Harding, J.,* at Fall Term, 1927, of GRAHAM. Reversed.

Action to recover of defendants for the publication in a newspaper of notices of the sales of land in Graham County for taxes.

From judgment overruling its demurrer to plaintiff's complaint, defendant, Graham County, appealed to the Supreme Court.

*Moody & Moody for plaintiff.*
*R. L. Phillips for defendant.*

CONNOR, J. This action was heard in the Superior Court upon appellant's demurrer to plaintiff's complaint. The ground of such demurrer is that the complaint does not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant, Graham County.

The material allegations of the complaint are as follows:

"3. That at a meeting of the board of commissioners of defendant, Graham County, held on 2 May, 1927, the defendant, Graham County, through its board of commissioners, passed an order empowering and directing the defendant, Riley Orr, tax collector as aforesaid, to sell all land for taxes, where the taxes for the current year had not been paid, and said order further empowered and directed the defendant, Riley Orr, tax collector as aforesaid, to advertise said lands for sale for four consecutive weeks, beginning 10 May, 1927, as required by law."

"4. That pursuant to the order aforesaid, passed by the board of commissioners of the defendant, Graham County, the defendant, Riley Orr, tax collector as aforesaid, requested the plaintiff to publish the notices of sales of lands for taxes, which said notices were required to be published once a week for four consecutive weeks in plaintiff's newspaper, *Graham County News;* that plaintiff, acting upon the instructions and request of the defendant, Riley Orr, tax collector and agent of the defendant, Graham County, proceeded to publish in manner and form as presented to him, the notices of sales of lands for uncollected taxes, and said notices were duly published in plaintiff's newspaper, *Graham County News,* in the issues dated 10 May, 17 May, 24 May and 31 May, 1927."

Upon his further allegation that the reasonable charge for the publication of said notices was $525.25, and that defendant, Graham County, has refused to pay his claim for such publication, plaintiff demands judgment that he recover of defendants, including Graham County, the sum of $525.25, with interest and costs.

The question of law presented by defendant's demurrer is, whether, upon facts as alleged in the complaint, a county is liable to a publisher

of a newspaper, who, at the request of a sheriff or tax collector, has published in his newspaper notices of sales of lands for taxes, required by statute, for his reasonable charges for such publication. The answer to this question manifestly requires a consideration of the provisions of the statutes relative to the sale of lands for taxes.

The allegation in the complaint that the tax collector was acting as agent of the board of commissioners, and in accordance with its express direction, when he requested plaintiff to publish the notices in his newspaper, involves a matter of law, and is not an allegation of fact which is admitted by the demurrer. The principle is stated by *Hoke, J.,* in *Board of Health v. Comrs.,* 173 N. C., 250, as follows: "It is fully recognized that for the purpose of presenting the legal question involved, a demurrer is construed as admitting relevant facts well pleaded, and, ordinarily, relevant inferences of fact necessarily deducible therefrom, but the principle is not extended to admitting conclusions or inferences of law, nor to admissions of fact when contrary to those of which the court is required to take judicial notice, and more especially when such opposing facts and conditions are declared and established by a valid statute applicable to and controlling the subject."

The duties of both the board of commissioners and of the sheriff or tax collector, with respect to the sale of land for taxes, are prescribed by statute; the sheriff or tax collector does not perform his duties in that respect as agent of the board of commissioners, nor has the board of commissioners any power or authority to order or direct the sheriff or tax collector, with respect to the performance of his duties, except as prescribed by statute. The demurrer does not admit as a fact that the tax collector in the instant case was agent of the board of commissioners, or that he was acting as such agent, when he requested plaintiff to publish the notices of land sales to be made by him, as required by statute.

It is provided by section 4 of chapter 213, Public Laws 1927, that each sheriff or tax-collecting officer "shall on the first Monday in May report in full the uncollected taxes for the current tax year, and the county commissioners shall thereupon order sale of all land for taxes, where the taxes have not been paid, to be made on the first Monday in June, and shall also make up a list of taxes due of taxpayers who list no land for taxes. The sheriff or other tax-collecting officer shall thereupon cause advertisement to be made for four successive weeks, as now provided by law for such advertisements, of lands to be sold for taxes, and shall make effort to collect all taxes due by taxpayers who list no land for taxes. Sale of land for taxes shall be made upon the day ordered by the board, provided that the sale may be continued from day to day until completed."

It is provided by C. S., 8014, that "before any real estate shall be sold for taxes the sheriff shall give public notice of the time, place and cause of such sale by advertisement at the courthouse door and in some newspaper published in the county, if any there be, for four successive weeks immediately preceding the day of sale."

It is provided by C. S., 8015, that "all the advertised real estate of each delinquent shall be sold at the same time as one body, and no bid therefor shall be received unless sufficient in amount to discharge all the taxes due by the delinquent, together with all costs and expenses of the sale. If no such bid be received, the county, city or town, as the case may be, shall be deemed the purchaser, and the sheriff shall so record it on his sales book."

The fees to be paid to the sheriff who has sold land for taxes are prescribed by C. S., 8009. It is further provided therein that "the county commissioners shall allow him in settlement such other sums as he has actually expended which were necessary for the due execution of his duties under this chapter."

As it is the duty of the sheriff or tax-collecting officer to give the public notice by advertisement, required by statute, such sums as may be actually and necessarily expended by him in the performance of this duty, should be added to the amount of taxes and costs; the aggregate of these amounts is the minimum bid which he is allowed by law to receive. If the purchaser at the sale is not the county, city or town, the sheriff or tax-collecting officer may reimburse himself for all sums expended for publication of the notice of sale, out of the amount received by him from the purchaser for the land sold; if the county, city or town becomes the purchaser, under the provisions of the statute, such sums should be allowed to the sheriff or officer in his settlement with the commissioners and paid by the county, city or town which has become the purchaser, under the statute, of the land sold, pursuant to the notice. In no event, however, is the county, city or town liable to the publisher of the newspaper in which the notices are published. His contractual relations are with the sheriff or tax collector. The county is liable only to the sheriff or tax collector, and then only when it has become the purchaser of the land in accordance with the provisions of the statute.

There was error in overruling the demurrer. The demurrer of the defendant, Graham County, should be sustained. The right of plaintiff to maintain the action against Riley Orr, individually, and as tax collector of Graham County, is, of course, not brought in question by the demurrer filed by Graham County. The judgment is

Reversed.