W. D. BAILEY AND WIFE, ROSA BAILEY, v. W. F. STOKES AND J. B. CONGLETON, TRADING AS STOKES & CONGLETON, AND W. G. STOKES (ORIGINAL PARTIES DEFENDANT); AND ERNEST J. WHITEHURST (ADDITIONAL PARTY DEFENDANT).

(Filed 10 April, 1935.)

1. **Mortgages H m—Evidence held insufficient to show that purchaser from purchaser at foreclosure sale was not bona fide purchaser without notice.**

The mortgagee, a partnership, foreclosed the mortgage, and one of the partners bid in the land at the foreclosure sale and thereafter transferred title to the partnership. The partnership thereafter leased the land to the former mortgagors for one year, and the subsequent year leased the land to a third person. Upon the termination of the lease of the former mortgagors they voluntarily gave up possession to such third person and sold him certain personal property consisting of tobacco sticks, screens, etc. Upon the termination of the second lease the partnership sold the land to such third person for value. Prior to institution of action the former mortgagors did not notify such third person purchaser that they claimed any equity in the land. *Held:* In the mortgagors' action against the partnership and the third person purchaser, attacking the foreclosure for irregularities, a nonsuit was properly granted as to the third person purchaser, the record evidence being insufficient under the facts and circumstances of this case to show that the third person purchaser was not a *bona fide* purchaser without notice.

2. **Mortgages H p: Estoppel B b—Mortgagor must elect between setting aside foreclosure and recovery of damage from mortgagee.**

The mortgagee, a partnership, foreclosed the mortgage and one of the partners bought the land at the foreclosure sale and thereafter transferred title to the partnership. The partnership thereafter sold the land to a third person. The mortgagors instituted action against the partnership and the purchaser, attacking the foreclosure sale for irregularities. A nonsuit was granted as to the purchaser, and issues were submitted to the jury with plaintiffs' consent as to the validity of the foreclosure sale and damages recoverable by plaintiff mortgagors against the partnership, and upon plaintiffs' motion upon a verdict in their favor, judgment was entered upon the verdict. *Held:* Plaintiffs are estopped from maintaining on appeal that there was error in granting defendant purchaser's motion as of nonsuit.

APPEAL by plaintiffs from *Cowper, Special Judge,* at November Term, 1934, of PITT. Affirmed.

This is an action, brought by plaintiffs against defendants, to set aside certain deeds as irregular and void. The defendants denied the material allegations of plaintiffs' complaint. The defendants W. F. Stokes and J. B. Congleton set up a counterclaim of $420.03. The defendant Ernest J. Whitehurst set up the plea of estoppel, and "that he purchased the property in good faith, for value and without notice." When the cause came on for trial, a nonsuit was entered in the court below, as to Ernest J. Whitehurst.

The following issues were submitted to the jury, and their answers thereto: "(1) Did the plaintiffs, after the foreclosure sale of the land in controversy, lose their right to redeem said land, as alleged in the answer? A. 'No.' (2) If not, what damages, if any, are the plaintiffs entitled to recover of the defendants W. F. Stokes and J. B. Congleton? A. '$2,500.' (3) Are the plaintiffs indebted to the defendants, and if so, in what amount? A. '$300.00.' "

Judgment was rendered on the verdict by the court below. The exception and assignment of error made by plaintiffs and the necessary facts will be set forth in the opinion.

*S. J. Everett for plaintiffs.*
*J. B. James for defendants.*

CLARKSON, J. The plaintiffs' only exception and assignment of error is to the judgment of nonsuit in the court below, as to Ernest J. Whitehurst. Plaintiffs contend that there is sufficient "evidence in the record to fix Ernest J. Whitehurst with notice of the defect and fraud in the title of codefendants, Stokes & Congleton, and with notice of the equity of redemption in the plaintiffs." We cannot so hold.

Stokes & Congleton (W. F. Stokes and J. B. Congleton) sold under a mortgage made to them by plaintiffs. At the mortgage sale W. G. Stokes purchased the land, and title was made to him. Thereafter, W. G. Stokes conveyed the property to Stokes & Congleton. The plaintiffs, recognizing Stokes & Congleton as owners in 1932, rented the farm from the said firm, paying rent therefor in the fall of that year. During said year, and while the plaintiffs were occupying the same, Stokes & Congleton, the purchasers, made numerous improvements thereon. At the beginning of 1933 the farm was rented to the defendant Whitehurst. The plaintiffs, before moving from said farm, sold a considerable amount of personal property to the new tenant, Whitehurst, this property consisting of tobacco sticks, lumber, light fixtures, and wire screens. At no time did the plaintiffs notify Whitehurst that they

claimed any interest in the farm, but moved off voluntarily and without protest. Whitehurst cultivated the farm during 1933. Before this action was begun, and during the fall of 1933, Stokes & Congleton, for value and without notice, sold the farm to Whitehurst for a consideration of $4,500—$500.00 cash and the remainder secured by a lien on the property—since which time an additional sum of $500.00 has been paid on said indebtedness. Numerous witnesses testified that the amount paid by Whitehurst was the reasonable market value of the farm. All the evidence discloses the fact that at no time did Stokes & Congleton, or the plaintiffs, notify Whitehurst that the plaintiffs were claiming any interest in the property, or claiming that the sale was irregular and illegal.

The evidence was to the effect that Whitehurst purchased the property in good faith for full value and without any notice of plaintiffs' claim to an equity of redemption in the land. If there were anything in the chain of title that would put Whitehurst on notice, the plaintiffs would be estopped by their conduct to assert same. We think that the ruling of the court below is fully supported by the case of *Lockridge v. Smith,* 206 N. C., 174, where the matter is fully discussed and authorities cited.

The second question involved on this appeal, as set forth by defendant Whitehurst, is as follows: "Whether the plaintiffs are now estopped, the record disclosing that they consented to issues and moved for judgment on the findings of the jury awarding damages, the same constituting an election on his part." We think, under the facts and circumstances of this case, that plaintiffs are estopped.

Plaintiffs elected to press their cause for damages after the nonsuit was entered in the court below as to Whitehurst. The issues were agreed to by plaintiffs, a verdict was rendered in plaintiffs' favor, and on motion of plaintiffs the court below rendered judgment. The amount of recovery was paid to the clerk of the Superior Court. Plaintiffs cannot "blow hot and cold in the same breath."

In *Warren v. Susman,* 168 N. C., 457 (459-460), speaking to the subject, is the following: "As to the land, defendant bought it for itself, though it acted indirectly by an agent. It is the same in equity as if it had bought in its own name. *Whitehead v. Hellen,* 76 N. C., 99. The plaintiff could elect to have the sale set aside and the property returned to the trust fund, or recover of the defendant, who had sold and bought at the same time, in breach of his trust, the value of the land where the trustee insists on the validity of the sale and his right to retain the property, and has conveyed it to a third person, whose title he also insists is unassailable. . . . The *cestui que trust,* in making his election, is not required, in such circumstances, to take the property upon his trustee's terms, or at a price fixed by him; but equity requires

that if the trustee elects to stand upon his right as purchaser, instead of surrendering the property to the beneficiary, he must pay the reasonable value of the land or a fair compensation for the breach of his trust; and this, with greater reason, is true where the trustee has himself subsequently conveyed the land to a *bona fide* purchaser for value and without notice. *Sprinkle v. Wellborn,* 140 N. C., 163." *Lykes v. Grove,* 201 N. C., 254. For the reasons given, the judgment of the court below is

Affirmed.