MRS. SUSAN BYRD v. J. H. WALDROP AND WIFE, LOIS Z. WALDROP; FRANK BRIGHT AND WIFE, LUCY BRIGHT.

(Filed 4 November, 1936.)

1. Pleadings D e—

A demurrer admits relevant facts pleaded, but not the pleader's conclusions of law.

2. Mortgages F c—Where record does not show that transfer by mortgagor was to holder of notes, transferee of holder obtains good title in the absence of notice or want of consideration.

Where a mortgagor transfers title to the holder of the notes secured by the mortgage, who had purchased the notes from the mortgagee, and the holder cancels the mortgage and transfers title to a third person, the mortgagor has a right of action against the holder, but not against the purchaser from the holder in the absence of allegation that the purchaser had notice of the mortgagor's equity and that the purchaser's deed was not supported by consideration, the record not being notice since it showed the cancellation of the mortgage and failed to show that the mortgagor's deed was made to the holder of the notes, the holder not appearing of record as the mortgagee.

3. Pleadings E d—

Where the Supreme Court affirms the judgment of the court below sustaining the demurrer of one of defendants, the decision is without prejudice to plaintiff's right to amend the complaint, if so advised.  C. S., 546.

APPEAL by plaintiff from Frizzelle, J., at March Term, 1936, of PITT. Affirmed.

J. A. Jones for plaintiff, appellant.
J. B. James for defendants, appellees.

PER CURIAM. The plaintiff executed a mortgage on described land to Mrs. Louisa Wall to secure an indebtedness, evidenced by six notes payable to Mrs. Wall. This was in November, 1927. Two years later defendant Waldrop advised plaintiff that he was then the owner and holder of the unpaid notes and demanded payment. The plaintiff,

unable to do so, conveyed the land to defendant Waldrop, pursuant to an alleged agreement between them. Subsequently, the mortgage was canceled of record. On 22 December, 1933, defendant Waldrop executed a deed for the land to Frank Bright, the deed (which appears in the record on appeal filed by plaintiff) reciting a valuable consideration. There was no allegation that defendant Bright had notice of any equity between plaintiff and defendant Waldrop, nor was there allegation of want of consideration for the deed to Bright.

The demurrer admits the relevant facts pleaded (*Ramsey v. Furniture Co.,* 209 N. C., 165), but not the pleader's conclusions of law. McIntosh Prac. & Proc., sec. 445; *Board of Health v. Comrs.,* 173 N. C., 250; *Lane v. Graham County,* 194 N. C., 723. The complaint is sufficient as against the defendant Waldrop, but does not allege sufficient facts to make out a case for the cancellation of the deed as against defendant Bright. On the contrary, it would seem that the record title was clear at the time of the conveyance to Bright, and there are no allegations of notice or of want of consideration so as to invalidate the deed.

While a conveyance by a mortgagee ordinarily leaves his grantee in the same condition as himself, this salutary rule has no application where the mortgage has been canceled on the record, and where the conveyance was made by one not appearing of record as mortgagee, to one who purchases for value and without notice. *Cole v. Boyd,* 175 N. C., 555; *Lockridge v. Smith,* 206 N. C., 174; *Bailey v. Stokes,* 208 N. C., 114.

There was no error in sustaining the demurrer on the part of defendant Bright; this, however, without prejudice to right of plaintiff to amend her complaint if so advised. C. S., 546.

Affirmed.