D. J. SOSSAMON ET AL. v. OAKLAWN CEMETERY, INC.

(Filed 24 November, 1937.)

**Contracts § 21—Complaint alleging substance of contract declared on is good as against a demurrer without setting out agreement in full.**

Where the complaint alleges the substance of the contract declared on it is good as against a demurrer, it not being required that the entire writing be made a part of the complaint, especially where the part omitted is in the possession of the defendant, and there being no question of *profert* or *oyer*, C. S., 1823, and the action not being founded upon an instrument for the payment of money only, C. S., 540.

APPEAL by plaintiffs from *Rousseau, J.,* at May Term, 1937, of MECK-LENBURG.

Civil action to recover damages for alleged breach of covenant of perpetual care for cemetery lot.

The complaint alleges that on 19 January, 1923, plaintiff took from defendant deed for cemetery lot containing covenant of perpetual care "as provided in the by-laws of Oaklawn Cemetery, Inc., of Charlotte"; that thereafter plaintiffs' daughter was buried in said lot; that plaintiffs planted flowers upon said grave, constantly visited it, and kept fresh-cut flowers thereon until 19 April, 1934, when the defendant, through its agents and employees, removed all the flowers, flower pots, shells, vessels and other decorations from plaintiffs' lot, leveled the mound until it no longer has the appearance of a grave, and otherwise desecrated the premises by permitting people to walk thereon; that defendant agreed in its by-laws to keep the graves in attractive appearance; to protect them from desecration and disturbance; to maintain the mounds, and to prevent removal of flowers or other decorations therefrom, and that defendant's breach of its covenant, as herein alleged, has resulted in great injury and damage to the plaintiffs; wherefore plaintiffs pray, etc.

The defendant interposed a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

From judgment sustaining the demurrer and allowing plaintiffs to amend so as to set out in full the by-laws mentioned in the complaint, if so advised, the plaintiffs appeal, assigning error.

*G. T. Carswell and Joe W. Ervin for plaintiffs, appellants.*
*H. L. Taylor for defendant, appellee.*

STACY, C. J. The question for decision is whether it is mandatory in an action on a written contract to make the entire writing a part of the complaint. The answer is "No," especially where the part omitted

from the complaint, as in the instant case, is in the possession of the defendant. *R. R. v. Robeson,* 27 N. C., 391; *Gorman v. Bellamy,* 82 N. C., 497; *Thompson v. Johnson,* 202 N. C., 817, 164 S. E., 357; 21 R. C. L., 493.

An allegation containing the substance of the agreement, as in the present complaint, will suffice as against a demurrer. *Ins. Co. v. Dey,* 206 N. C., 368, 174 S. E., 89; *Deloatch v. Vinson,* 108 N. C., 147, 12 S. E., 895; McIntosh N. C. Prac. & Proc., sec. 358.

The record presents no question of *profert* or *oyer.* C. S., 1823; 21 R. C. L., 478. Nor is the action "founded upon an instrument for the payment of money only." C. S., 540.

Of course where the writing is made a part of the complaint, which is usually done, and ordinarily desirable perhaps, the court is not bound by the conclusion of the pleader as to its meaning, *Horney v. Mills,* 189 N. C., 724, 128 S. E., 324, but this is not our case. 21 R. C. L., 476.

The complaint is good as against a demurrer.

Reversed.