W. J. PETTY v. J. T. LEMONS ET AL.

(Filed 1 May, 1940.)

1. **Insurance § 48—Complaint held to allege indemnity contract under which no liability attaches to insurer prior to final judgment against insured.**

In this action to recover for personal injuries alleged to have resulted from the negligent operation of a taxicab, the complaint alleged that defendant insurer had executed a public liability insurance policy covering the cab in question pursuant to the requirements of a municipal ordinance. The insurance policy was not made a part of the complaint but the city ordinance, which was made a part thereof, provides that the insurance or surety bond required in such instances should be conditioned for the payment of any final judgment rendered on account of property damage or personal injury caused by a taxicab. *Held:* Neither plaintiff's characterization of the bond as a "public liability bond" nor the contention that the statute authorizing the adoption of the ordinance required liability insurance, chapter 279, Public Laws of 1935, can prevail over the allegations that the bonds was executed under the provision of the ordinance which requires only an indemnity bond, and the facts alleged are insufficient to show liability on the part of the insurer prior to final judgment against insured, and defendant insurer's demurrer should have been sustained.

2. **Appeal and Error § 22: Contracts § 21—**

Where the contract sued on is not made a part of the complaint, the sufficiency of the complaint as against demurrer will be determined in accordance with the nature of the contract as disclosed by the facts alleged, and not by plaintiff's characterization of the contract, and plaintiff may not recover on a theory of liability not supported by the facts alleged.

3. **Pleadings § 3a—**

Plaintiff may not seek to recover on a theory of liability not supported by allegations of the complaint.

APPEAL by defendants from *Johnston, Special Judge,* at Special January Term, 1940, of MECKLENBURG.

Civil action to recover damages for personal injuries.

Plaintiff alleges that on 26 August, 1939, he was injured on West Trade Street in the city of Charlotte by the negligent operation of a taxicab, driven at the time by J. T. Lemons, as agent and employee of the defendant, George T. Bradley, trading as the White Star Taxicab Company. He further alleges that pursuant to an ordinance of the city of Charlotte requiring all taxicabs "to carry liability insurance" the operator obtained a policy of insurance from the Casualty Reciprocal Exchange of Kansas City, Missouri, through Bruce Dodson, its attorney

in fact, which policy is on file with the proper city authorities, etc., and covers the taxicab in which the plaintiff was injured. (The policy is not made a part of the complaint.)

The city ordinance is made a part of the complaint and provides: "Said insurance or surety bond (shall be) conditioned for the payment of any final judgment rendered on account of property damage or personal injury as aforesaid caused by any such vehicle or taxicab."

The Casualty Reciprocal Exchange and Bruce Dodson, attorney in fact, interposed demurrers on the ground (1) that the complaint does not state facts sufficient to constitute a cause of action against them, and (2) that, if a cause of action be stated, there is a misjoinder of parties and causes. The other defendants moved to strike from the complaint all references to casualty insurance.

The demurrers were overruled and the motions to strike denied. From these rulings, the defendants appeal, assigning errors.

*O. M. Litaker and John A. McRae for plaintiff, appellee.*
*Guthrie, Pierce & Blakeney for defendants, appellants.*

STACY, C. J. The merits of the case are not before us. It is alleged that the defendant Exchange, through its attorney in fact, executed a public liability bond pursuant to the terms of an ordinance which apparently requires only an indemnity bond. Annotation 96 A. L. R., 356. The bond itself is not a part of the complaint. We are unable to determine its character without seeing it. *Sossamon v. Cemetery, Inc.,* 212 N. C., 535, 193 S. E., 720.

Realizing that the characterization of the bond is only a conclusion of the pleader and that the rights of the parties ought not to be prejudiced by an adjudication upon merely interpretative allegations, the defendants have sought, by motion, to have certain portions of the bond made a part of the record on appeal. The plaintiff suggests that other portions of the bond are more favorable to his interpretation. The bond in its entirety is not here. *R. R. v. Robeson,* 27 N. C., 391.

The contention that the statute authorizing the adoption of the ordinance, ch. 279, Public Laws 1935, requires the bond "to be conditioned on such operator responding in damages for any liability incurred on account of any injury to persons or damage to property resulting from the operation of any such . . . taxicab or other motor vehicle," is met by the allegations of the complaint which make out a case of indemnity. It is essential that the allegations of the complaint conform to the theory upon which the plaintiff seeks to recover. *Horney v. Mills,* 189 N. C., 724, 128 S. E., 324.

In this state of the record, we are constrained to reverse the rulings on the demurrers, for insufficiency of the facts presently alleged to constitute a cause of action against the demurring defendants, *Clark v. Bonsal,* 157 N. C., 270, 72 S. E., 954, with the observation that plaintiff may apply to the court below, under C. S., 515, for leave to amend his complaint, if so advised. This might have been done in the first instance under 3 C. S., 513. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

Reversed.