CITY OF GASTONIA v. JOHN DAVID GLENN.

(Filed 20 November, 1940.)

**1. Eminent Domain § 14—**

This proceeding was instituted by a municipality to condemn an easement over respondent's land for a sewer line, C. S., 2791, 2792, 1705, *et seq.* The petition described defendant's tract of land over which the easement was sought but did not describe the property sought to be condemned. *Held:* Defendant's demurrer to the petition for insufficiency of the description should have been sustained. C. S., 1716.

**2. Pleading § 23—**

Where it is determined on appeal that respondent's demurrer to the petition in condemnation proceedings should have been sustained, petitioner may apply to the court below for leave to amend the petition if so advised. C. S., 515.

APPEAL by respondent from *Clement, J.,* at July Term, 1940, of GASTON.

Special proceeding under C. S., 2791-2792 and 1705, *et seq.,* to condemn right of way, privilege, or easement, over respondent's land for extension of municipal sewer line.

It is set out in the petition that the city of Gastonia, in order to meet the necessity of extending its sewerage system, "has constructed and is constructing a sewer pipe line across the lands of the defendant . . . described as follows: Beginning at a point in the center of the Gastonia-Dallas Highway . . . containing 25¼ acres"; that petitioner and respondent have failed to agree upon the compensation that should be paid for such right of way because of the excessive demand of the respondent, and that respondent has denied to petitioner the right to construct the line across his lands.

Demurrer interposed on the ground that the petition contains no description of the property sought to be condemned and fails to show the location of the line by map, profile, or otherwise.

Demurrer overruled, and respondent appeals.

*Ernest R. Warren for petitioner, appellee.*
*J. L. Hamme for respondent, appellant.*

STACY, C. J. It is provided by C. S., 1716, that in condemnation, the petition, when filed by the condemnor, "must contain a description of the real estate which the corporation seeks to acquire." This we apprehend means a description of the property sought to be acquired and not merely a description of the entire tract over which the right of way,

privilege, or easement is to run. The right of way is to be located before it can be taken. It must be fixed and not fugitive. See *Johnston County v. Stewart,* 217 N. C., 334, 7 S. E. (2d), 708. In other words, to paraphrase a certain parody, "the recipe for taking property in condemnation begins by saying 'first locate the property.'" Such is the statutory requirement in condemning a right of way for a railroad. C. S., 3471; *S. v. Wells,* 142 N. C., 590, 55 S. E., 210.

In the present state of the record, we are constrained to reverse the ruling on the demurrer for insufficient description of the property sought to be condemned, with the observation that petitioner may apply to the court below, under C. S., 515, for leave to amend the petition, if so advised. This might have been done in the first instance under 3 C. S., 513. *Petty v. Lemons,* 217 N. C., 492.

Reversed.