B. L. NEWTON AND WIFE, MARJORIE NEWTON, PETITIONERS, v. NORTH
CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION,
RESPONDENT.

(Filed 29 January, 1954.)

1. **Eminent Domain § 14—**

A petition in a special proceeding by a landowner to recover compensa-
tion for the taking of his land for highway purposes under G.S. 136-19,
must allege, among other things, facts showing that his land has been taken
or damaged for highway purposes without just compensation.

2. **Same—Petition held demurrable for failure to allege facts showing how
land was taken or damaged for highway purposes.**

In a special proceeding under G.S. 136-19, allegations in the landowners'
petition to the effect that the State Highway and Public Works Commission
constructed a by-passing highway through a deep cut bordering petitioners'
lot, ·that large cracks thereafter appeared in the lot, splitting the founda-
tions of the petitioners' residence, and that the displacement of the em-
bankment and damage ·to petitioners' property was caused by the construc-
tion of the by-pass, *are held* insufficient to withstand demurrer, since they
state mere legal conclusions without allegation of facts showing how the
embankment was displaced or the construction of ·the by-passing highway
effected its displacement.

3. **Pleadings § 15—**

A demurrer does not admit conclusions of law of ·the pleader.

APPEAL by respondent from *Carr, J.,* at October Term, 1953, of
DURHAM.

Special proceeding by owners to recover compensation for land sup-
posedly taken or damaged for public highway use heard upon a demurrer
to the petition.

The petition alleges these things:

On 1 September, 1950, the petitioners B. L. Newton and Marjorie
Newton bought a lot containing their present residence in the City of
Durham, which they still own.   During the period beginning on 31
August, 1949, and ending on 9 March, 1951, the respondent State High-
way and Public Works Commission constructed a by-passing highway
through the area just north of the lot, which lies entirely outside the
highway right of way.   The by-passing highway runs through a deep cut,

its right of way borders upon the northern boundary line of the lot, and the residence stands eight feet from the embankment which forms the southern side of the cut. On 1 March, 1952, large cracks appeared in the lot. These cracks have split the foundation of the residence, and threaten the total destruction of the building. The cracks "are caused by a displacement of the embankment forming the southern side" of the cut. The petitioners informed the respondent with promptitude of the appearance of the cracks, and requested it to repair the embankment. The respondent refused to comply with the request. "The displacement of the embankment is the direct and proximate result of the construction" by the respondent of the by-passing highway. The damage to the lot, which is "caused solely by the construction of the by-pass," constitutes a taking of the property of the petitioners for public highway use, and entitles them to just compensation from the respondent.

The petition prays that the court appoint commissioners "to appraise the . . . damages resulting to the . . . land by the construction" by respondent of the by-passing highway, and enter the decrees necessary to secure to petitioners just compensation "for the injury . . . of their property by the work" of the respondent.

The respondent demurred to the petition in writing on this ground: The petition does not state facts sufficient to show that the land of the petitioners has been taken or damaged for public use. Judge Carr heard the proceeding on an appeal from the clerk, and entered a judgment overruling the demurrer. The respondent excepted and appealed, assigning Judge Carr's judgment as error.

*Victor S. Bryant, Jr., for the petitioners, appellees.*

*R. Brookes Peters, E. W. Hooper, and Hofler & Mount for the respondent, appellant.*

ERVIN, J. When a landowner initiates a special proceeding to recover compensation from the State Highway and Public Works Commission under the provisions of the statute codified as G.S. 136-19, his petition must allege, among other things, facts showing that his land has been *taken* or *damaged* for public use without just compensation by the State Highway and Public Works Commission. 30 C.J.S., Eminent Domain, Section 422. The petition in the instant proceeding falls short of this requirement. To be sure, it alleges that the cracks in the lot "are caused by a displacement of the embankment forming the southern side" of the cut through which the by-passing highway runs; that "the displacement of the embankment is the direct and proximate result of the construction" of the by-passing highway by the respondent; and that the damage to the lot, which is "caused solely by the construction of the by-pass," consti-

tutes a taking of the property of the petitioners for public highway use. These allegations state mere legal conclusions. They are not admitted by the demurrer and add nothing to the petition, which does not contain any facts showing *how* the embankment has been displaced, or *how* the construction of the by-passing highway effected its displacement. *Anderson v. Atkinson,* 234 N.C. 271, 66 S.E. 2d 886; *Tea Co. v. Hood, Comr.,* 205 N.C. 313, 171 S.E. 344; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Lane v. Graham County,* 194 N.C. 723, 140 S.E. 712; *Brick Co. v. Gentry,* 191 N.C. 636, 132 S.E. 800; *Whitehead v. Telephone Co.,* 190 N.C. 197, 129 S.E. 602; *Horney v. Mills,* 189 N.C. 724, 128 S.E. 324; *Manning v. R. R.,* 188 N.C. 648, 125 S.E. 555; *Bank v. Bank,* 183 N.C. 463, 112 S.E. 11, 22 A.L.R. 1124.

The judgment overruling the demurrer is
Reversed.