GEORGE W. TALMAN v. JAMES D. DIXON AND ALICE F. DIXON.

(Filed 12 October, 1960.)

**1. Contracts § 25—**

Where, in an action on a contract, the complaint annexes the written agreement thereto, the written agreement fixes the rights and duties of the parties, and an allegation in the complaint as to the rights of the parties thereunder is a mere conclusion of law not admitted by demurrer.

**2. Vendor and Purchaser §§ 7½, 24—**

A contract by defendants to convey their right, title and interest to certain lands does not impose the duty upon defendants to convey a good title but only such title as defendants may have, and further provision that defendants should convey their interests free from claims against them does not enlarge the right or interest which they agree to convey, and, therefore, upon failure of title in defendants, plaintiff may not maintain an action to recover that part of the purchase price paid.

**3. Pleadings § 24—**

Where the court sustains the defendants' demurrer, plaintiff has a

TALMAN v. DIXON.

right to move to be allowed to amend, but such motion is addressed to the discretion of the trial court, and the refusal of such motion will not be disturbed in the absence of abuse of discretion.

APPEAL by plaintiff from *Stevens, J.,* February 1960 Civil Term, of NEW HANOVER.

As his cause of action plaintiff alleged: A written contract, which is annexed to and made part of the complaint, between plaintiff and defendants by which defendants agreed to convey to plaintiff good title to a described tract of land for the sum of $3,040, $600 of which was paid when the contract was executed; the written contract obligates defendants (1) to convey to plaintiff "all of their right, title and interest to the lands hereinafter described," (2) "to convey said interest free from any judgments, or claims, or taxes, or liens against them." Plaintiff alleged that upon investigation he had discovered that defendants were not the owners of and could not convey good title to the lands described in the complaint. He demanded judgment for the $600 paid as part of the purchase price.

Defendants demurred for failure to state a cause of action for that it apeared from the complaint they had not contracted to convey good or perfect title but only such title or interest as they had. The demurrer was sustained. The court declined to allow plaintiff's motion to amend. Plaintiff, having excepted, appealed.

*Aaron Goldberg for plaintiff, appellant.*
*Isaac C. Wright for defendant appellees.*

RODMAN, J. The contract forming the basis of plaintiff's cause of action, being incorporated as a part of the complaint, fixed the rights and duties of the parties. Plaintiff's allegation that defendants had, pursuant to that contract, agreed to convey title to the land was a mere conclusion of law resulting from his interpretation of the contract. It is not an allegation of fact admitted by the demurrer. *Sossamon v. Cemetery, Inc.,* 212 N.C. 535, 193 S.E. 720; *Horney v. Mills,* 189 N.C. 724, 128 S.E. 324.

Looking at the contract, it is apparent that defendants did not agree to convey the land or a good title thereto. To the contrary they merely agreed to convey "their right, title and interest." This might in fact constitute a good title or no title whatever. The language chosen implied a doubt as to defendants' title. *Turpin v. Jackson County,* 225 N.C. 389, 35 S.E. 2d 180; *Abernathy v. R. R.,* 150 N.C. 97, 63 S.E. 180; *Bryan v. Eason,* 147 N.C. 284; *Lumber Co. v. Price,* 144 N.C. 50.

"A provision that the purchaser shall accept such title as the vendor has is valid, and if the contract is to convey by quitclaim deed, it obligates the vendor to convey only his interest in the premises, and does not impose a duty of giving a clear title." 55 Am. Jur. 629; *Twitty v. Lovelace,* 97 N.C. 54; 91 C.J.S. 900.

The agreement to convey grantors' interest free from claims against them did not enlarge the right or interest which they agreed to convey. *Coble v. Barringer,* 171 N.C. 445, 88 S.E. 518.

The court was correct in sustaining the demurrer for failure to state a cause of action.

When the court sustained the demurrer, plaintiff, as he had a right to do, moved to amend. The court was not compelled to allow the motion. Whether it would or would not permit the amendment was a matter resting in its discretion. *Burrell v. Transfer Co.,* 244 N.C. 662, 94 S.E. 2d 829. It is not suggested that the court abused its discretion.

Affirmed.