JUNIUS R. PAGE, AND ALL OTHER HEIRS AT LAW OF MRS. MYRTLE PAGE, DECEASED, WHO CARE TO MAKE THEMSELVES PARTIES PLAINTIFF TO THIS ACTION v. THE TOWN OF ABERDEEN, A MUNICIPAL CORPORATION, CREATED UNDER AND BY VIRTUE OF THE GENERAL STATUTES OF NORTH CAROLINA.

(Filed 3 March, 1965.)

**1. Pleadings § 15—**

Deeds attached to the complaint and made a part thereof can be considered on demurrer.

**2. Deeds § 15—**

Where a deed conveys land to a municipality for a community house and public park with provision that it was understood the premises should always be used for the benefit of the municipality and public in general and should not be conveyed for private industry, and that a breach of the condition should create a reversion, allegations merely that the municipality had permitted the property to run down and be used as a place for people to congregate and drink are insufficient to show a breach of the condition, and allegations that the municipality had abandoned the lots for the purpose for which conveyed is a mere conclusion.

**3. Actions § 3—**

Where, in an action to invoke the reverter clause in a deed for breach of the estate upon special limitation, the allegations are insufficient to allege a breach of condition, the court should dismiss the action as moot, since the court is not called upon to determine the estates conveyed by the deed unless facts sufficient to show a breach of condition are alleged.

APPEAL by plaintiff from *Armstrong, J.,* May Session 1964 of MOORE. Docketed and argued as Case No. 460, Fall Term 1964.

Civil action for land, heard upon a demurrer to the complaint.

From a judgment sustaining the demurrer and dismissing the action, plaintiff appeals.

*H. F. Seawell, Jr., for plaintiff appellant.*
*Johnson & Johnson by John M. Harney for defendant appellee.*

PER CURIAM. The complaint alleges in substance: Plaintiff is one of the children and an heir at law of Mrs. Myrtle Page, deceased, and is entitled to inherit her real estate under the laws of the State of North Carolina. He brings this action in behalf of himself and all other heirs of Mrs. Myrtle Page, who care to make themselves plaintiffs.

In 1939 Mrs. Myrtle Page, a widow, conveyed by two deeds to the Town of Aberdeen, a municipal corporation, certain lots or parcels of land in a subdivision known as "The Highlands" in Sandhills Township, Moore County, North Carolina. These two deeds are identical in language except as to the description of the lots of land conveyed, and are attached to the complaint and made a part thereof.

The following identical provisions in the two deeds are relevant to determine the appeal:

(1) Naming clause: "THIS DEED * * * by MRS. MYRTLE A. PAGE, Widow, of Moore County and State of North Carolina, of the first part, and Town of Aberdeen, a Municipal Corporation, of Moore County and State of North Carolina, of the second part."

(2) Granting clause: "* * * said Town of Aberdeen and its successors and assigns * * *."

(3) After a description of the lots of realty conveyed, there follow these words:

> "This conveyance is executed and delivered at the nominal consideration of $10.00 but the real consideration and moving clause therefor is to cooperate, encourage and assist said Town of Aberdeen in obtaining a suitable site and location for a Community House and public park and especially to encourage the younger generation in possessing a wholesome recreational area. It is distinctly understood that said premises shall always be used for the use and benefit of the Municipality and the Public in general, and shall not be conveyed for private industry, a breach of this condition shall create a reversion of title."

(4) *Habendum* clause: "* * * to said party of the second part, its successors and assigns, to its only use and behoof forever."

(5) Warranty clause: "* * * will warrant and defend the said title to the same against the lawful claims of all persons whomsoever."

These two deeds are duly recorded in the Public Registry of Moore County. The town of Aberdeen has abandoned these lots or parcels of land for the purpose for which they were conveyed. The building on it has been permitted to get into a bad state of repair. There are liquor bottles, beer cans, and debris scattered in and around the premises. The premises have become a hide-away and place for people to congregate and drink, and are not being used for a wholesome recreational area. The building on the premises, as plaintiff is informed, is rented to Alcoholics Anonymous.

That by reason of these conditions the reverter clauses in the two deeds have become operative, and plaintiff and the other heirs at law of Mrs. Myrtle Page are now the owners of these lots or parcels of land conveyed, and are entitled to the possession of the same.

The town of Aberdeen has refused the demand of plaintiff to convey the lots or parcels of land to him and the other heirs at law of Mrs. Myrtle Page.

Wherefore, plaintiff prays that he and the other heirs at law of Mrs. Myrtle Page be declared the owners of the lots or parcels of land conveyed in the two deeds, and that a writ of possession issue in their behalf.

Defendant demurred to the complaint on the ground that it does not state sufficient facts to constitute a cause of action, "in that it appears from the face of the complaint the breach of the condition necessary to work a reversion of title has not happened and that the allegations set forth in paragraph 5 of the complaint merely show an express motive and not a condition, and that the allegations contained in paragraph 6 of the complaint do not show sufficient facts to create a reversion of title as contained in the deeds as set out in said complaint."

The trial judge recited in his judgment that it appeared from the face of the complaint and from the two deeds of Mrs. Myrtle Page attached thereto, which are duly recorded in the Public Registry of Moore County, that the two deeds convey a fee simple title to the Town of Aberdeen, in that the granting clause, the *habendum* clause and the warranty convey a fee simple title, and that the conditions as appear in the respective deeds between the description and the *habendum* clause are surplusage and do not limit the estate conveyed, citing *Oxendine v. Lewis*, 252 N.C. 669, 114 S.E. 2d 706. Whereupon, he decreed that the demurrer be sustained and the action dismissed.

The two deeds of Mrs. Myrtle A. Page attached to the complaint and made a part thereof can be considered on the demurrer. *Sale v.*

*Johnson, Comr. of Revenue,* 258 N.C. 749, 129 S.E. 2d 465; *Talman v. Dixon,* 253 N.C. 193, 116 S.E. 2d 338; *Moore v. W.O.O.W., Inc.,* 253 N.C. 1, 116 S.E. 2d 186; *Yeager v. Dobbins,* 252 N.C. 824, 114 S.E. 2d 820; 71 C.J.S., Pleading, § 257; 41 Am. Jur., Pleading, § 246.

After a description of the lots of realty conveyed in each deed appears this language:

> "It is distinctly understood that said premises shall always be used for the use and benefit of the Municipality and the Public in general, and shall not be conveyed for private industry, a breach of this condition shall create a reversion of title."

There is no allegation in the complaint that the lots of realty conveyed in the two deeds have been conveyed by the Town of Aberdeen to private industry, and no allegation of fact in the complaint tending to show these lots are not being used for the use and benefit of the municipality and the public in general, although according to the allegations of fact in the complaint the town of Aberdeen is permitting a use of these lots that is not wholesome for the people of the town. The allegation in the complaint that the town of Aberdeen has abandoned these lots for the purpose for which they were conveyed is a conclusion. In our opinion, and we so hold, the complaint does not allege facts sufficient to show a breach of the condition that the language in the deeds state shall create a reversion of title, and the demurrer to the complaint should have been sustained on that ground. Consequently, the question of a construction of the two deeds to determine the estates conveyed by them was not presented to the trial court for decision. In deciding such a question, the trial judge rendered a decision on a moot question, and a court will not hear and decide a moot question. Strong's N. C. Index, Vol. 1, Appeal and Error, § 6.

Judge Armstrong correctly sustained the demurrer to the complaint, but he based his judgment on the wrong ground. The basis for his judgment is a decision on a moot question, and therefore we are not called upon to determine the correctness or incorrectness of his determination of the estates conveyed by the two deeds.

The judgment sustaining the demurrer to the complaint and dismissing the action is affirmed, but it is modified by striking out the reason for the judge's sustaining the demurrer, and by inserting in lieu thereof that the demurrer is sustained because the complaint fails to state facts sufficient to show a breach of the condition of a reverter of title as stated in the two deeds, so as to call for a construction of the two deeds to determine the estates conveyed. It is so ordered.

Modified and affirmed.