JULIA L. BALLINGER v. C. E. THOMAS and SOUTHERN RAILWAY CO.

(Filed 25 April, 1928.)

**1. Pleadings—Demurrer—Nature of Grounds—Cause of Action.**

A demurrer to the complaint will be sustained when, admitting for the purposes of the demurrer the truth of each material allegation of fact, and relevant inferences thereof reasonably deducible therefrom, a cause of action has not been sufficiently alleged.

**2. Same—Amendment.**

Where the plaintiff has not asked to be permitted to file an amendment to his complaint upon a demurrer being interposed thereto on the ground that a cause of action had not been sufficiently alleged, 3 C. S., 513, it will be considered on appeal that he has concluded to rely solely on the pleading he has filed.

**3. Torts—Joint Tort-Feasors—Liability—Negligence.**

One who has been injured while riding merely as a passenger in an automobile, and injured by the driver thereof acting wholly without her control or direction, and injured by the joint tort of the driver and another, she may sue them both for damages in the same action as joint *tort-feasors*, when the negligence of each concurs with the other in continuous and unbroken sequence in causing the injury complained of.

**4. Pleadings—Demurrer—Nature of Grounds—Cause of Action—Negligence—Proximate Cause—Railroads.**

Where a mere passenger in an automobile is injured at a railroad crossing, and brings action both against the driver of the automobile and the railroad company, and alleges in effect that the negligence of the driver of the automobile occurred after he had full knowledge of the negligence of the railroad company's employees, and that this negligence on the part

of the driver independently caused the injury in suit: *Held,* a demurrer by the railroad is properly sustained, leaving the liability of the driver of the automobile to be determined.

**5. Torts—Joint Tort-Feasors—Liability—Demurrer.**

Where two defendants are sued to recover damages for an alleged joint tort, and one of them alleges sole responsibility for the alleged negligent act on the part of the other, an issue as to primary and secondary liability does not arise.

APPEAL by defendant, Southern Railway Company, from *Harding, J.,* at October Term, 1927, of GUILFORD.

Civil action brought by plaintiff against C. E. Thomas and Southern Railway Company to recover damages for an alleged negligent injury.

A demurrer was interposed by the Southern Railway Company upon two grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action against the demurring defendant; (2) that there is a misjoinder both of parties and causes of action.

The material allegations of the complaint, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:

1. That on 9 June, 1927, plaintiff was a passenger in an automobile owned and driven by C. E. Thomas, when she was severely and permanently injured on State Highway No. 15, at a railroad crossing about two miles east of Charlotte, N. C.

2. That the defendant, C. E. Thomas, was negligent in the following particulars:

a. Said defendant carelessly, negligently and without regard for the safety of plaintiff, on approaching said railroad crossing, suddenly turned his automobile to the right and drove it off the concrete or asphalt highway and into a hole so that it turned over and injured plaintiff.

b. Said defendant negligently and in violation of law failed to bring his automobile to a complete stop fifty feet from the crossing.

c. Said defendant negligently failed to slow down or stop, look and listen for an oncoming locomotive, but drove his automobile within a few feet of the crossing before undertaking to avoid the oncoming locomotive.

d. Said defendant negligently approached the crossing at a rapid and unlawful rate of speed and in a careless and negligent manner when he knew, or by the exercise of ordinary care should have known, that it was a place of danger and that a locomotive might be approaching.

e. Said defendant "then upon observing the oncoming locomotive, carelessly and negligently turned the said automobile off the highway and turned the same over as hereinbefore alleged."

3. That the defendant, Southern Railway Company, was negligent in the following particulars:

a. Said defendant negligently and carelessly failed to give any timely warning of the approach of its locomotive either by ringing a bell or blowing the whistle.

b. Said defendant's engineer or fireman failed to keep a proper lookout "so as to slow down or stop the said locomotive in time to avoid placing the defendant, C. E. Thomas, in a position of peril, and the joint and concurrent negligence of the defendants proximately caused the injury of this plaintiff."

c. Said defendant's employees knew, or by the exercise of ordinary care could have known, that the crossing in question was a dangerous one and that the view of persons on the highway was obstructed by the underbrush and the curvature of the track.

d. Said defendant carelessly and negligently failed to keep a proper lookout when by so doing, its servants might have been able to observe plaintiff's position of peril in time to have slowed down the locomotive and thus enabled the defendant Thomas to pass over the crossing without injuring the plaintiff.

4. That all of said "acts of negligence on the part of the defendants jointly and concurrently proximately caused the plaintiff's injury, which injury was through no fault of said plaintiff, for that she was not familiar with the highway and did not know of the existence of said crossing or that any danger was imminent."

The defendant, C. E. Thomas, filed answer in which he denied any negligence on his part and alleged that by reason of the negligence of the Southern Railway Company, in failing to give timely warning of the approach of its rapidly moving train, he was suddenly placed in a position of peril, and in order to prevent a collision and save himself, as well as the plaintiff, he was forced to turn his automobile from the highway, which he did without negligence on his part, etc. Said defendant further averred and set up that if he were liable to the plaintiff in any respect, such liability was secondary and that of his codefendant primary, wherefore he asked that an issue of primary and secondary liability, as between the defendants, be submitted to the jury, and that he have judgment over for any amount plaintiff might recover against him.

The defendant, Southern Railway Company, also demurred to the answer of its codefendant, C. E. Thomas.

From a judgment overruling the demurrer to the complaint on both grounds, and dismissing the demurrer to the answer of the defendant, C. E. Thomas, the Southern Railway Company appeals, assigning errors.

*Frazier & Frazier for plaintiff.*
*King, Sapp & King for defendant, C. E. Thomas.*
*Hobgood, Alderman & Vinson for defendant, Southern Railway Co.*

STACY, C. J., after stating the case: The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted, but the principle does not extend to the admissions of conclusions or inferences of law. *S. v. Bank,* 194 N. C., 436; *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800.

It is provided by 3 C. S., 513, that when a demurrer is filed to a complaint, the plaintiff may be allowed to amend, so as to obviate the necessity of debating the rights of the parties on mere allegations rather than on evidence and findings of fact. But as this was not done in the instant case, and as both parties are standing strictly upon their rights, we must assume that the plaintiff has laid her case precisely as she hopes to recover, or as her evidence will tend to show, and upon the allegations of the complaint, thus deliberately made and unchanged or unamended when challenged, we are required to say, in the first instance, whether sufficient facts have been stated to constitute a cause of action against the Southern Railway Company. If this be decided in the negative, the second ground upon which the appealing defendant bases its demurrer to the complaint need not be considered.

That one who is riding in an automobile, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third person and the driver, may recover of either or both, upon proper allegations, for the injuries thus inflicted through such concurring negligence, is fully established by our own decisions and the great weight of authority elsewhere. *Hanes v. Utilities Co.,* 191 N. C., 13, 131 S. E., 402; *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564; *Wood v. Public Service Corp.,* 174 N. C., 697, 94 S. E., 459; *Pusey v. R. R.,* 181 N. C., 137, 106 S. E., 452; *Bagwell v. R. R.,* 167 N. C., 611, 83 S. E., 814; *Harton v. Tel. Co.,* 141 N. C., 455, 54 S. E., 299; *Carterville v. Cook,* 129 Ill., 152, 16 Am. St. Rep., 248, and note.

The rule is stated in *Matthews v. Delaware L. & W. R. Co.,* 56 N. J. L., 34, 27 Atl., 919, 22 L. R. A., 261, by *Magie, J.,* as follows: "If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well settled principles, each, any or all of the *tort-feasors* may be held. But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then although the duties were

diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the *tort-feasors* are subject to joint and several liability."

But do the allegations set out in the complaint bring the instant case within the principle announced in these decisions? The plaintiff says that they do, while the demurring defendant says that they do not. We think the facts alleged are insufficient to state a cause of action against the Southern Railway Company, and that the case is controlled by the decision in *Harton v. Tel. Co.,* 146 N. C., 430, 59 S. E., 1022. As the case is one which deals with exactness of phrase, perhaps it would be a little more accurate, though somewhat redundant, to say that the complaint apparently first undertakes to state a cause of action against both defendants, and then withdraws it as against the appealing defendant. We must consider the pleading in its entirety.

The demurrer might be overruled and the judgment upheld but for the allegation against the defendant Thomas, the driver of the automobile in which the plaintiff was riding (set out in paragraph "e" above), to the effect that said defendant, *upon observing the oncoming locomotive,* carelessly and negligently turned his automobile off the highway and ran it into a hole so that it turned over and injured the plaintiff. This alleged negligent conduct of the defendant Thomas, it will be observed, took place after he had seen the oncoming locomotive, which necessarily "insulated" the negligence of the appealing defendant, as it was no longer operative or active, and rendered Thomas' negligence the proximate cause of plaintiff's injury. *Harton v. Tel. Co.,* 146 N. C., 430, 59 S. E., 1022. Note, it is not .alleged in the complaint that Thomas, the driver of the automobile, ran his machine off the highway to avoid a collision or in an effort to extricate himself and the plaintiff from a position of peril, produced by the negligence of the railroad company, but the allegation is that said defendant carelessly and negligently, *i. e.,* needlessly, drove his car off the highway, after he had all the information which bell or whistle signal would have given him, and injured the plaintiff. This necessarily means that the alleged negligence of the railroad company was remote, while that of the defendant Thomas was proximate. *Construction Co., v. R. R.,* 184 N. C., 179, 113 S. E., 672. Hence, upon all the facts alleged by the plaintiff in her complaint, it appears that the negligence charged against the defendant, Southern Railway Company, was not in law the proximate cause of her injury.

Speaking to the subject in his valuable work on Negligence (138), Mr. Wharton very pertinently says: "Suppose that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff: is the defendant liable

to plaintiff? This question must be answered in the negative, for the general reason that causal connection between the negligence and damage is broken by the interposition of defendant's responsible human action. I am negligent on a particular subject-matter. Another person, moving independently, comes in and, either negligently or maliciously, so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable."

The same rule announced by *Mr. Justice Strong* in *R. R. v. Kellogg,* 94 U. S., 469, regarded as sound in principle and workable in practice, has been quoted with approval in a number of our decisions. He says: "The question always is, was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence, or wrongful act, and that it ought to have been foreseen in the light of attending circumstances."

The allegation that the negligence of "the defendants jointly and concurrently proximately caused the plaintiff's injury" is but a conclusion of the pleader, negatived by the facts previously alleged, and is not admitted by the demurrer. *Broad Street Bank v. Nat. Bank,* 183 N. C., 463, 112 S. E., 11.

From a careful perusal of the record, viewed in the light of the pertinent authorities on the subject, we are of opinion that the complaint does not state facts sufficient to constitute a cause of action against the appealing defendant, Southern Railway Company. For this reason, the demurrer to the complaint should have been sustained.

While the allegations presently appearing of record may not be sufficient to raise an issue of primary and secondary liability as between the defendants, nevertheless the answer of the defendant, C. E. Thomas, is not subject to demurrer. *Taylor v. Construction Co., ante,* 30; *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E., 502. He alleges that the Southern Railway Company is solely responsible for plaintiff's injury. This latter pleading on the part of the appealing defendant was properly dismissed.

Nothing was said in *Moses v. Morganton,* 192 N. C., 102, 133 S. E., 421, which militates against our present position.

Reversed in part and affirmed in part.