This was a civil action for wrongful death, heard upon complaint and demurrer. The complaint alleges that plaintiff's intestate was riding in "an automobile owned and entirely controlled by the defendant Robert Exum" when it collided with a train operated by the defendant receivers at a grade crossing in Marsden at an intersection of the railroad tracks and the Greenville-Washington Highway, and that as a result of said collision said intestate was killed. The complaint further alleges that said "intestate came to his death directly and proximately as a result of the joint and concurrent negligence . . . upon the part of the defendants. . . ." The negligence of the defendant Exum alleged is *Page 853 
that when he reached the grade crossing he "was driving said automobile in a highly reckless and unlawful manner, and at an unlawful rate of speed, and drove said automobile to and upon said crossing, and there collided with a train operated by said defendants, receivers, which was then standing upon or moving over said crossing"; and the negligence of the defendant receivers alleged is that they failed to provide proper signal devices or watchman to warn persons approaching the crossing of "trains standing upon or moving over same," and permitted their trains to block the highway, and that their engineer failed to blow the whistle or ring the bell attached to said train.
The defendant receivers filed demurrer to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action against them, and the court sustained the demurrer and entered judgment accordingly, from which plaintiff appealed.
The opinion of Brogden, J., in George v. Railroad, 207 N.C. 457, is apposite to this case. It is as follows:
"The narrative of facts contained in the complaint and the picture painted therein classify this case within all the essential principles heretofore announced and applied in Ballinger v. Thomas and SouthernRailway, 195 N.C. 517, 142 S.E. 761. Of course, there are slight variations of fact between the Ballinger case, supra, and the case at bar, which might from the basis of nice legal distinctions and metaphysical reasoning; nevertheless, in all practical aspects the Ballinger case,supra, is decisive."
Affirmed.