JAMES H. McLANEY v. ANCHOR MOTOR FREIGHT, INC., OF DELAWARE, SOUTHERN PINE MILLS, INC., AND GEORGE McLANEY, JR.

(Filed 6 January, 1953.)

**1. Pleadings § 19c—**

A demurrer admits the truth of the allegations of fact contained in the complaint together with relevant inferences of fact necessarily deducible therefrom, but does not admit conclusions or inferences of law.

**2. Same—**

Upon demurrer, the complaint will be liberally construed, giving the pleader every reasonable intendment in his favor, and the demurrer overruled unless the pleading be fatally defective.

**3. Automobiles §§ 8d, 18d, 21—Complaint held to allege intervening negligence of one defendant insulating negligence of other in stopping on highway without giving signal.**

The complaint alleged in effect that plaintiff was riding in the car of one defendant which was following closely a truck belonging to the same defendant, and that both vehicles were following a truck owned by the appealing defendant, that the truck of the appealing defendant was stopped on the highway by its driver without giving any signal and without regard to traffic on the highway, that the following truck, without slackening speed, turned sharply to its left and passed the parked truck, but that the

McLaney v. Motor Freight, Inc.

driver of the car failed to keep a proper lookout, was driving at excessive speed under the circumstances, and was following too closely the preceding vehicle, and as a result collided with the rear of the parked truck. *Held:* The demurrer of the appealing defendant should have been sustained on the ground that the facts of the complaint disclose that any negligence on the part of its driver in stopping or parking its truck was insulated by the intervening, independent negligence of the driver of the car.

**4. Neligence §§ 7, 16—**

Where it appears from the facts alleged in the complaint that the injury was independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person, defendant's demurrer to the complaint should be sustained.

Parker, J., took no part in the consideration or decision of this case.

Appeal by defendant Anchor Motor Freight, Inc., of Delaware, from *Bone, J.*, 8 March, 1952, of Bladen.

Civil action to recover damages for personal injury allegedly resulting from actionable negligence of defendant heard upon demurrer to complaint.

Plaintiff alleges in his complaint in pertinent part:

"2. That the defendant Anchor Motor Freight, Inc., of Delaware is a corporation . . . under the laws of the State of Delaware . . . engaged in the motor freight business, and . . . frequently operates motor vehicles over and upon the highways of North Carolina.

"3. That the defendant Southern Pine Mills, Inc., is a domestic corporation . . . State of North Carolina . . . engaged in the business of logging and manufacturing lumber.

"4. That the defendant George McLaney, Jr., is President of Southern Pine Mills, Inc.

"5. That . . . defendant Southern Pine Mills, Inc. purchased . . . a tudor sedan for the exclusive use of its president . . . and . . . at the time of the collision, as hereinafter alleged," he "was · operating said vehicle, accompanied by the plaintiff . . . with the permission of, and as officer and agent of defendant, Southern Pine Mills, Inc., within the scope of his authority and in the performance of his rights and duties . . .

"6. That on or about the 21st day of March, 1950, the defendant George McLaney, Jr., was operating said . . . tudor sedan on U. S. Highway #701, about eight miles north of the Town of Elizabethtown, North Carolina, and was driving in a northerly direction, behind a logging truck owned by the defendant Southern Pine Mills, Inc., and operated by its employee Henry Guion; that the defendant George McLaney, Jr., directed his attention to a motor vehicle which had become stuck in the sand on the left or west shoulder of said highway; that, upon return-

ing his attention to said highway, the defendant George McLaney, Jr., saw the company vehicle operated by Henry Guion cut sharply to its left, and then saw a Chevrolet truck and freight trailer parked upon the paved and traveled portion of the said highway #701; that said defendant applied his brakes and otherwise made an effort to avoid a collision, but was unable to do so, and ran said car into the left rear side of said freight trailer.

"7. That said Chevrolet truck and trailer, which had stopped or was parked upon said highway as above stated, was owned by the defendant Anchor Motor Freight, Inc. of Delaware, and operated by its agent or employee Russell Fisher Yeagers, who at all times referred to was driving said truck and trailer in the performance of his duty and within the course of his employment as such agent or employee . . .

"8. That at the times above referred to Henry Guion was the driver of said logging truck owned by the defendant Southern Pine Mills, Inc., and that he was an employee of said corporation and was driving said logging truck and trailer in the performance of his duty, all within the course of his employment as such employee . . .

"9. That at the time of . . . said collision, the defendant George McLaney, Jr., officer and agent of defendant Southern Pine Mills, Inc., was negligent in that: (a) He operated the car of the defendant Southern Pine Mills, Inc., without keeping a proper lookout for other vehicles traveling and stopping upon the highway, and without regard to the safety of persons with him. (b) That he diverted his attention from the highway to a motor vehicle that was stuck in the sand off of and on the west side of the highway. (c) He operated said car negligently in following too closely behind the vehicle immediately in front of him, (d) . . . at a speed greater than was reasonable and prudent under the circumstances and conditions then existing, and without regard to the traffic conditions and circumstances then and there existing.

"10. That at the time of . . . said collision, Russell Fisher Yeagers, driver and agent of the defendant Anchor Motor Freight, Inc. of Delaware, was negligent in that: (a) He stopped and parked said truck and trailer upon the main traveled portion of said highway in violation of G.S. 20-161; (b) he failed to give, at the time of stopping said vehicle, and just prior thereto, a correct and visible signal to the driver or drivers of vehicles behind him, indicating his intention to slow down or stop; (c) he failed to keep a proper and careful lookout for other vehicles upon the said highway, and (d) he operated said truck without regard to traffic, conditions and circumstances then and there existing upon the said highway.

"11. That at the time of . . . said collision Henry Guion, the driver and employee of the defendant Southern Pine Mills, Inc. was negligent in

that: (a) He negligently followed too closely the truck and trailer of Anchor Motor Freight, Inc., of Delaware; (b) he cut out sharply to the left around the parked truck and trailer of the defendant Anchor Motor Freight, Inc. of Delaware, without giving a horn or hand signal, or otherwise giving notice or warning to the following vehicle operated by the defendant George McLaney, Jr., (c) he failed to keep a proper and careful lookout; (d) he failed to decrease his speed when the vehicle preceding him slowed down and came to a stop; (e) he operated said vehicle without regard to the traffic conditions and circumstances then and there existing.

"12. That as a result of said collision the . . . tudor sedan of the Southern Pine Mills, Inc. was completely demolished, and the plaintiff sustained multiple fractures of the head, his face cut, punctured and torn, etc. . . .

"16. That the said negligent acts of defendants as hereinabove alleged was a proximate cause of the injuries sustained by plaintiff as aforesaid . . ."

Wherefore, the plaintiff prays recovery in large amount.

The defendant Anchor Motor Freight, Inc., demurred to the complaint for that same does not state sufficient facts to constitute a cause of action against it, in that it appears upon the face of the complaint:

"1. That the sole proximate cause of the motor vehicle collision in question was the negligence of the defendants Southern Pine Mills, Inc., and George McLaney, Jr.

"2. That if this defendant was guilty of any act of negligence, the same was insulated and rendered inoperative by the negligence of the defendants Southern Pine Mills, Inc., and George McLaney, Jr."

The parties having agreed that the demurrer might be heard out of term and out of the county in which the action is pending, and that order in respect thereto might be signed out of term, out of the county, and out of the district, and the Judge holding courts of the Ninth Judicial District, being of opinion that the demurrer should be overruled, entered order in accordance therewith at Nashville, N. C., on 8 March, 1952.

Defendant Anchor Motor Freight, Inc., excepts thereto, and appeals therefrom to Supreme Court and assigns error.

*H. H. Clark and Edward B. Clark for plaintiff, appellee.*

*A. J. Fletcher and F. T. Dupree, Jr., for defendant Anchor Motor Freight, Inc., appellant.*

WINBORNE, J. The demurrer of the appellant, Anchor Motor Freight, Inc., presents the question as to whether or not the facts alleged in the complaint of plaintiff are sufficient to constitute a cause of action against them. For this purpose the truth of the allegations contained therein

are admitted, and "ordinarily relevant inferences of fact necessarily deducible therefrom are also admitted. But the principle does not extend to admissions of conclusions or inferences of law," *Ballinger v. Thomas*, 195 N.C. 517, 142 S.E. 761. See also *Bumgardner v. Fence Company*, *ante*, 698, and cases there cited.

Also, it is provided by statute, G.S. 1-151, that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties." And decisions of this Court interpreting and applying the provisions of this statute require that every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before it will be rejected as insufficient. See *Ins. Co. v. McCraw*, 215 N.C. 105, 1 S.E. 2d 369, and cases there cited.

In the light of the provisions of the statute, as so interpreted and applied, admitting the truth of the facts alleged in the complaint, this Court is constrained to conclude as a matter of law that the allegations in respect of this defendant, the appellant Anchor Motor Freight, Inc., are fatally defective upon the ground on which the demurrer is predicated, that is, it affirmatively appears upon the face of the complaint that the injury of which plaintiff complains was, as stated by *Stacy, C. J.*, in *Smith v. Sink*, 211 N.C. 725, 192 S.E. 108, "independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person," to wit, the defendant George Mc-Laney, Jr. See *Murray v. R. R.*, 218 N.C. 392, 11 S.E. 2d 326; also *Harton v. Telephone Co.*, 141 N.C. 455, 54 S.E. 299; *Ballinger v. Thomas, supra; Boyd v. R. R.*, 200 N.C. 324, 156 S.E. 507; *Hinnant v. R. R.*, 202 N.C. 489, 163 S.E. 555; *Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88; *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808; *Chinnis v. R. R.*, 219 N.C. 528, 14 S.E. 2d 500; *Warner v. Lazarus*, 229 N.C. 27, 47 S.E. 2d 496; *Mintz v. Murphy*, 235 N.C. 304, 69 S.E. 2d 849; *Clark v. Lambreth*, 235 N.C. 578, 70 S.E. 2d 828; *Godwin v. Nixon*, *ante*, 632.

The factual situation here is so strikingly similar to that in *Murray v. R. R., supra*, as it related to conduct of defendant Elliott, in operation of her automobile, that the question of law here presented might fairly be decided on the authority of that case. There the driver of the car which was being overtaken by defendant Elliott, saw the obstruction in the highway, created by defendant railroad in repairing a grade crossing, slowed down, turned to the left and passed in safety and without injuring anyone. But as she put on speed to pass, the car turned left to by-pass the obstruction and, as she said, she "had nowhere to go but to hit the obstruction or the other car." She did the former, and plaintiff, a workman engaged in the repair work, was injured. The Court, speaking thereto, held that the "evidence points unerringly to the conclusion that this

situation was created by her failure to exercise ordinary care and to observe the law of the road in the operation of her automobile, and that the injury to plaintiff was proximately caused thereby, independent of any act or omission of duty upon the part of the defendant Railroad Company," citing *Boyd v. R. R., supra; Powers v. Sternberg, supra; Butner v. Spease, supra,* where the subject of intervening negligence had been recently treated and applied.

Hence, we hold that the demurrer here is well founded, and should be sustained. Therefore the judgment below is

Reversed.

PARKER, J., took no part in the consideration or decision of this case.