MRS. ANNIE M. HOLLIFIELD v. ELMER C. EVERHART AND EARL GASS, TRADING AND DOING BUSINESS AS THE EVERHART CONSTRUCTION COMPANY; JIM EVERHART, MRS. NELLIE BOWLS AND HUSBAND, OSCAR BOWLS.

(Filed 4 March, 1953.)

1. **Pleadings § 19c—**

Upon demurrer to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, the facts alleged in the complaint will be taken as true, together with relevant inferences of fact necessarily deducible therefrom, and the pleading will be liberally construed with a view to substantial justice between the parties, and the demurrer overruled unless the complaint be fatally defective.

2. **Automobiles §§ 18a, 18b, 18d—Upon facts alleged, negligence of demurring defendants was not proximate cause and did not concur in producing injury.**

The facts alleged in the complaint disclosed that plaintiff was driving along the highway during the daytime when she was suddenly confronted with a vehicle traveling in the opposite direction which had flashing red lights and red flags on its front, followed a short distance behind by a large tractor-trailer loaded with heavy equipment, that plaintiff instinctively put on brakes, and was rammed by a car which had been following

her too closely on the highway and was being operated without proper regard to conditions then existing and without a proper lookout. Plaintiff sued the driver of the car following her and also the drivers and owners of the vehicles which were traveling in the opposite direction. *Held:* Even conceding that the operators and owners of the vehicles traveling in the opposite direction were guilty of negligence (G.S. 20-130.1) the facts alleged failed to disclose any causal connection between such negligence and plaintiff's injury, and their demurrer to the complaint should have been sustained, it being apparent on the facts alleged that the negligence of the driver of the car following plaintiff independently caused the collision.

APPEAL by plaintiff from *Patton, Special Judge,* at September-October Regular Civil Term, 1952, of MADISON.

Civil action to recover for personal injuries and property damage allegedly resulting from actionable negligence of defendants, heard upon demurrer of defendants Elmer C. Everhart and Earl Gass, trading and doing business as The Everhart Construction Company, and Jim Everhart, upon the ground that the facts alleged do not constitute a cause of action against them in that no causal connection is shown, as a matter of law, between the alleged acts or omissions of these defendants, and the alleged damage sustained by plaintiff.

Plaintiff alleges in her complaint, briefly and pertinently, the following facts: On the morning of 31 January, 1952, she, the plaintiff, was operating her Buick sedan on U. S. Highways 25 and 70 in a southeasterly direction, in North Carolina, from Walnut toward Marshall, at a moderate rate of speed and with due care under the conditions then and there existing. Soon after she left Walnut, a Ford automobile driven by defendant Mrs. Nellie Bowls followed the automobile of plaintiff for several miles "at such a close distance as to create some apprehension in the mind of this plaintiff." When plaintiff reached a point on said highway near the old Madison County Home, and still being closely followed by the automobile operated by Mrs. Bowls, she, the plaintiff, "was suddenly confronted by a Pontiac automobile traveling" in opposite direction, and "bearing various flashing red lights and red flags that were waving or being waved, a very short distance behind the said Pontiac automobile was some large tractor-trailer truck loaded with some large heavy equipment." And "upon being suddenly confronted with the Pontiac with red flags and red flashing lights . . . plaintiff was startled and alarmed and instinctively placed her foot on the brake pedal and decreased the speed of her automobile," and, as she did so, "it was suddenly rammed from the rear by the Ford driven by the defendant Nellie Bowls," inflicting personal injury to plaintiff and damage to her automobile.

Plaintiff further alleges in her complaint "that among the specific acts of negligence on the part of the defendants, which were the direct, concurring and proximate causes of the automobile crash heretofore referred to and of the resulting injuries to this plaintiff were:

"A. The acts of the defendants Everhart and Gass in operating a motor vehicle upon the highways of the State of North Carolina while displaying the red lights and other warning devices on the front of said vehicle, in violation of G.S. 20-130.1."

And "B," "C" and "D" as against defendant Mrs. Bowls, that she followed "another automobile too closely, in violation of G.S. 20-152"; she operated "her automobile without proper regard to the conditions then and there existing" and negligently, carelessly and recklessly failing to keep a proper lookout."

And plaintiff further alleges that, as she is informed and believes, at the time of the accident and injuries to her, the defendant Earl Gass was operating the Pontiac automobile referred to, and Jim Everhart was operating the large tractor-trailer truck, while Elmer C. Everhart was trailing them in a third vehicle.

The cause coming on for hearing at October 1952 Civil Term, upon demurrer as hereinabove set forth, the presiding judge sustained the demurrer and ordered the action dismissed as to the demurring defendants, and plaintiff appeals to Supreme Court, and assigns error.

*A. E. Leake and Calvin R. Edney for plaintiff, appellant.*
*Meekins, Packer & Roberts for defendants, appellees.*

WINBORNE, J.   The challenge to the ruling of the court below in sustaining the demurrer filed, as set forth above, presents the question as to whether or not the facts alleged in the complaint of plaintiff are sufficient to constitute a cause of action against the demurrants on actionable negligence.

For this purpose the truth of the allegations contained in the complaint is admitted, and "ordinarily relevant inferences of fact necessarily deducible therefrom are also admitted. But the principle does not extend to admissions of conclusions or inferences of law." *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. See also *McLaney v. Motor Freight, Inc.,* 236 N.C. 714, and cases cited.

Also it is provided by statute, G.S. 1-151 that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties." And decisions of this Court interpreting and applying the provisions of this statute require that every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before

it will be rejected as insufficient. See *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369, and cases there cited.

In the light of the provisions of the statute, as so interpreted and applied, admitting the truth of the facts alleged in the complaint, this Court is constrained to conclude as a matter of law that the allegations in respect of the defendants, the demurrants, are fatally defective upon the ground on which the demurrer is predicated, that is, it affirmatively appears upon the face of the complaint that the injury and damages of which plaintiff complains were, as stated by *Stacy, C. J.,* in *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108, "independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person," to wit, the defendant, Mrs. Nellie Bowls. See *McLaney v. Motor Freight, Inc., supra,* where the principle was recently applied, and supporting authorities cited. While it is true that the statute G.S. 20-130.1 declares that it shall be unlawful for any person (with certain exception) to drive upon the highways of this State any vehicle displaying red lights visible in front of said vehicle, it may be fairly assumed that the General Assembly intended the statute to apply to vehicles operated at the time when lights are required, that is, "during the period from a half hour after sunset to a half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet ahead." G.S. 20-129, as amended by 1947 Session Laws Chap. 526. See *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377.

But be that as it may, if it be conceded that the allegations of the complaint set forth facts constituting negligence on the part of the defendants, demurrants, the allegations fail to disclose proximate causal relation between the red lights on the front of the motor vehicle of defendants, demurrants, as alleged, and the act of Mrs. Bowls, acting independently of any act on the part of defendants, demurrants, in permitting her Ford automobile to ram the rear of plaintiff's automobile. There was no contact between the motor vehicle of defendants, demurrants, and that of plaintiff. And plaintiff was not caused to leave the road. She just instinctively slowed the speed of her automobile. And Mrs. Bowls, following too closely, did not stop her automobile in time to avoid a collision.

The factual situation in *McLaney v. Motor Freight, Inc., supra,* is similar to the case in hand. Demurrer was sustained there. And so it must be here.

Affirmed.