EMMA K. TROXLER, EXECUTRIX OF THE ESTATE OF J. F. TROXLER, DE-
CEASED, v. CENTRAL MOTOR LINES, INC., BOBBIE R. WYRICK AND
MRS. HALLIE F. LEFLER.

(Filed 4 June, 1954.)

**1. Pleadings § 15—**

A demurrer admits the truth of the allegations of fact contained in the
pleading and, ordinarily, relevant inferences of fact necessarily deducible
therefrom, but does not admit conclusions or inferences of law.

**2. Same—**

Upon demurrer the allegations of the complaint must be liberally con-
strued with a view to substantial justice, giving the pleader the benefit of
every reasonable intendment in his favor, and the demurrer should be over-
ruled unless the pleading be fatally defective. G.S. 1-151.

**3. Automobiles § 8i—**

It is the duty of a motorist, when faced by a red light in a traffic control
signal properly maintained by a municipality, to stop, and his failure to do
so constitutes negligence as a matter of law.

**4. Same—**

A motorist who has stopped in obedience to a traffic control signal is
under duty not only to refrain from putting his vehicle in motion until
the green light faces him, but is also under duty not to make a right turn
into the intersection until he determines, in the exercise of due care, that
such movement can be made in safety. G.S. 20-154.

**5. Same—**

Where the traffic control signal shows a red light to vehicles along one
street, it may be inferred that vehicles along the intersecting street are
faced with the green light.

**6. Same: Automobiles §§ 18a, 18d, 18h (4)—Allegations held to show that
negligence of one defendant insulated alleged negligence of the other.**

Plaintiff's allegations were to the effect that a driver of a car drove
across an intersection, that the driver of a truck along the intersecting
street stopped in obedience to the red light of a traffic control signal, that
the driver of the truck then undertook to make a right turn before the light
had turned green, and hit the rear of the automobile before it had cleared
the intersection, causing the driver of the car to lose control so that it
inflicted the property damage in suit. It was further alleged that neither
driver had a clear green signal light and that both were in the intersection
at the same time, and further, that the driver of the car proceeded through
the intersection at an excessive rate of speed. *Held:* The demurrer of the
driver of the car on the ground that the driver of the truck was guilty of
intervening negligence independently and proximately producing the injury
should have been allowed, since even if it be inferred that the driver of the
car entered the intersection as the light was in process of changing, she
was not under duty of anticipating the negligence of the truck driver, and
it is not alleged that her rate of speed was the cause of her losing control
of her car.

**7. Negligence § 9½—**

A person is not under duty of anticipating negligence on the part of others.

**8. Automobiles § 18a—**

Allegations that defendant was driving recklessly, without specifying wherein the defendant was reckless, relate to conclusions of law not admitted by demurrer.

APPEAL by defendant Mrs. Hallie F. Lefler from *Armstrong, J.*, at 23 November, 1953, Civil Term of GUILFORD, Greensboro Division.

Civil action to recover for damages to real and personal property growing out of an automobile collision at the intersection of South Elm Street and East Lee Street in the city of Greensboro, N. C., as the result of alleged joint and concurrent negligence of defendants Bobbie R. Wyrick and Central Motor Lines, Inc., on the one hand and Mrs. Hallie F. Lefler on the other, heard upon demurrer to the complaint, and motion to strike portions of the complaint filed by defendant Mrs. Hallie F. Lefler.

Plaintiff alleges in her complaint these facts as of the time, 29 May, 1952, and at the scene of the collision to which reference is made above :

(1) South Elm Street runs almost due north and south, and Lee Street almost due east and west, and both are paved. Lee Street intersects South Elm Street almost at right angles, and the portion of Lee Street east of the intersection is known as East Lee Street.

(2) The city of Greensboro had established and was maintaining an electric traffic control signal at this intersection above described, the signal being located about the center of the intersection, and "the rights and duties of motor vehicles entering and crossing said intersection are governed by law and particularly by ordinances of the city of Greensboro."

(3) The estate of J. F. Troxler, Emma K. Troxler, Executrix, was the owner of a retail grocery business, conducted under the name of Troxler Brothers Grocery, and of the premises upon which the grocery business was conducted, at 735 S. Elm Street, in the city of Greensboro, N. C.,— the store building being located at the northeast corner of the intersection, fronting on the east side of South Elm Street, and running back along the north line of East Lee Street.

(4) It is also alleged in the complaint (a) that on 29 May, 1952, at about 12 :45 p.m., the defendant Bobbie R. Wyrick, as the agent, servant and employee of defendant Central Motor Lines, Inc., and within the scope of his agency and employment, drove a 2-ton 1951 Dodge truck, owned by defendant Central Motor Lines, Inc., westwardly along E. Lee Street, and approached the intersection of South Elm Street and East Lee Street, and (b) that at about the same time defendant Hallie F. Lefler was driving her 1951 Oldsmobile club coupe in a northwardly direction

along South Elm Street, and approached the intersection at about the same time as did the defendant Bobbie R. Wyrick, who was driving the Dodge truck as aforesaid.

(5) It is alleged in paragraph XV of the complaint, "That the defendant Hallie F. Lefler proceeded to drive her automobile across the intersection . . .; that . . . the defendant Bobbie R. Wyrick had come to a stop at the stop-light as he was traveling westwardly on East Lee Street, the light emitting a red signal; that . . . the said defendant Bobbie R. Wyrick then undertook to make a right turn, northwardly in South Elm Street; that . . . both the defendant Hallie F. Lefler and the defendant Bobbie R. Wyrick proceeded into the intersection of said streets without having a clear green light or a Go sign from the electric traffic control signal at the intersection . . .; that both vehicles were thus in the intersection . . . at the same time; that the front of the Dodge truck driven by defendant Bobbie R. Wyrick struck the rear of the automobile being driven by the defendant Hallie F. Lefler; that the said Hallie F. Lefler apparently lost control of her automobile, and that said automobile thereupon turned in an eastwardly direction and careened across the sidewalk on the east side of South Elm Street in front of the plaintiff's store building and continued to travel through the door and plate glass windows into the front portion of the store building; that said automobile . . . was entirely within the premises before it came to rest."

(6) Then it is alleged in paragraph XXII that the damages sustained by plaintiff were caused solely and proximately by the joint and concurrent negligence of the defendants in the operation of their respective vehicles in that:

As to Bobbie R. Wyrick, he (a) "operated the truck . . . upon a public highway carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others without due caution or circumspection, all in violation of" G.S 20-140; (b) "before turning from a direct line and entering said . . . intersection" (he) "failed to first ascertain that the movement could be made in safety and . . . to give any sign or signal of his intention to make a right-hand turn, in violation of" G.S. 20-154; (c) "entered the intersection . . . when there was not sufficient space on the other side of the intersection to accommodate his vehicle in violation of the Code of the city of Greensboro, Chapter 7, Article 6, Section 3"; (d) "carelessly and negligently struck the right rear and side of the automobile being driven by the defendant Hallie F. Lefler"; (e) "failed to keep his vehicle under proper control and . . . to keep a proper lookout for other traffic upon the highway"; and (f) "failed to use due care and precaution in the operation of his motor vehicle as he undertook to drive his said vehicle from a stopped position into the intersection . . ."

And as to Hallie F. Lefler, she (g) "operated her automobile upon the

public highway carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others, without due caution or circumspection, all in violation of" G.S. 20-140, and (h) "drove through said intersection at an excessive rate of speed and came in front of the truck driven by the defendant Bobbie R. Wyrick."

And as to both defendants, they (i) "operated their said vehicles carelessly and negligently, causing the automobile owned and operated by the defendant Hallie F. Lefler to careen across the street and sidewalk in front of the plaintiff's store and through the front of . . . and into the store," all as hereinabove set out; and (j) "failed to obey the traffic signal at the intersection . . . in violation of the ordinances of the city of Greensboro."

(7) Plaintiff, after making allegation in respect to the damage done to the property of the estate, of which she is executrix, further alleged: In paragraph XX, that certain personal property of Pet Dairy Products Company was in the store, and was damaged in certain amount, and that the Pet Dairy Products Company has made a written assignment of its claim to the plaintiff; and in paragraph XXI, that certain personal property of J. Balderacchi, t/a G. P. Food Distributors, was in the store and was damaged in certain amount, and that he has assigned his claim in writing to the plaintiff: And in paragraph XXIII, it is alleged that the joint and concurrent negligence of the defendants was the sole and proximate cause of the damages so sustained by the estate of J. F. Troxler and by Pet Dairy Products Company and G. P. Food Distributors, the claims for which have been assigned to the plaintiff.

The defendant Hallie F. Lefler in apt time filed a motion to strike certain allegations from the complaint of plaintiff, in pertinent part, all of paragraphs XX and XXI, and portion of XXIII, all pertaining to damage to personal property of Pet Dairy Products Company and of J. Balderacchi, t/a G. P. Food Distributors, and the assignments of their respective claims therefor to plaintiff.

And thereafter defendant Hallie F. Lefler demurred to the complaint of plaintiff upon the ground that the complaint does not state facts sufficient to constitute a cause of action against her, in that it appears from the face of the complaint (1) that she was not negligent on the occasion complained of; (2) that the negligence of defendants Bobbie R. Wyrick and Central Motor Lines, Inc., was the sole proximate cause of the collision and resulting damage; and (3) that her negligence, if any, was insulated by the negligence of defendants Bobbie R. Wyrick and Central Motor Lines, Inc., and was not a proximate cause of the collision and resulting damages to plaintiff, if any.

When the cause came on for hearing, first, upon the motion to strike as set forth hereinabove and, then, upon the demurrer, the judge presiding

entered orders: First denying the motion to strike the portions of the complaint above recited, and, then, overruling the demurrer.

To the rulings of the court in each respect defendant Hallie F. Lefler objected and excepted, and to the entry of each order she excepted, and appeals to Supreme Court and assigns error.

*York & Boyd and A. W. Flynn, Jr., for plaintiff, appellee.*
*Jordan & Wright and Perry C. Henson for defendant Hallie F. Lefler, appellant.*

WINBORNE, J.   While appellant Mrs. Hallie F. Lefler brings forward two assignments of error for consideration on this appeal, the one based upon exception to the action of the court in overruling her demurrer to the complaint presents the determinative question. The demurrer challenges the sufficiency of the facts alleged in the complaint to state a cause of action against her.

For this purpose the truth of the allegations contained in the complaint are admitted, and "ordinarily relevant inferences of fact necessarily deducible therefrom" are also admitted. But the principle does not extend to admissions of conclusions or inferences of law. *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. See also *McLaney v. Motor Freight, Inc.,* 236 N.C. 714, 74 S.E. 2d 36; *Hollifield v. Everhart,* 237 N.C. 313, 74 S.E. 2d 706, and cases there cited.

Also it is provided by statute, G.S. 1-151, that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties." And decisions of this Court interpreting and applying the provisions of this statute require that every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before it will be rejected as insufficient. See *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369, and cases there cited. See also *McLaney v. Motor Freight, Inc., supra,* and *Hollifield v. Everhart, supra.*

In the light of the provisions of the statute, as so interpreted and applied, admitting the truth of the facts alleged in the complaint, this Court concludes as a matter of law that the allegations in respect to appellant the defendant Mrs. Hallie F. Lefler, are fatally defective upon the grounds on which the demurrer is predicated. Indeed, it affirmatively appears upon the face of the complaint that the property damage of which plaintiff complains, was, as stated by *Stacy, C. J.,* in *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108, "independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person," to wit, the defendant Bobbie R. Wyrick, in the operation of the truck of defendant Central Motor Lines, Inc.  See *Mintz v. Murphy,* 235

N.C. 304, 69 S.E. 2d 849; *Alford v. Washington,* 238 N.C. 694, 78 S.E. 2d 915; *Baker v. Lumberton,* 239 N.C. 401, 79 S.E. 2d 886. See also *McLaney v. Motor Freight, Inc., supra,* and *Hollifield v. Everhart, supra,* where the principle was recently applied, and supporting authorities cited. Hence the demurrer of Mrs. Lefler, the appellant, should have been sustained.

Bearing in mind that it is alleged in the complaint: That South Elm Street runs about due north and south; that Lee Street runs almost due east and west; that Lee Street intersects South Elm Street almost at right angles,—the portion of Lee Street east of this intersection being known as East Lee Street; and that the city of Greensboro had established and was maintaining an electric traffic control signal at, and about the center of this intersection: It is further alleged that at about 12:45 p.m. the defendant Wyrick drove the truck westwardly along East Lee Street and approached the intersection; "that at about the same time" defendant Lefler was driving the club coupe northwardly along South Elm Street; that "the said defendant" (Lefler) approached the intersection "at about the same time as the defendant Wyrick . . ."; "that the defendant Lefler proceeded to drive her automobile across the intersection . . ."; "that the defendant Wyrick had come to a stop at the stop light . . . the light emitting a red signal"; "that the said defendant Wyrick then undertook to make a right turn, northwardly into South Elm Street"; "that both . . . proceeded into the intersection . . . without having a green light or go sign from the electric traffic control signal . . ."; "that both were thus in the intersection . . . at the same time"; that the front of the Dodge truck . . . struck the rear of the automobile; "that the said . . . Lefler apparently lost control of her automobile," and that the automobile thereupon turned in an eastwardly direction and careened across the sidewalk on east side of South Elm Street in front of plaintiff's store building, etc.

The allegations of the complaint justify the inference that when the electric traffic control light, installed and maintained by the city at the intersection, showed red on one street, it showed green on the other. Thus from these allegations that when Wyrick and Lefler approached the intersection, Wyrick was faced with a red light on East Lee Street, it is logical and reasonable to infer that as Lefler approached the intersection she was faced with the green light on South Elm Street. Then it is alleged that faced with the red light, Wyrick stopped his truck before entering the intersection. Under such circumstances it was his duty to stop. For "a motorist is negligent as a matter of law if he fails to stop in obedience to a red traffic light as required by the ordinance . . ." *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25. See also Blashfields Cyclopedia of Automobile Law and Practice, Sec. 2685, Vol. 4, p. 185. And before

starting again, Wyrick should not only have the green light or go sign facing him, but he should also see and determine in the exercise of due care that such movement could be made in safety. G.S. 20-154. *Matheny v. Motor Lines*, 233 N.C. 673, 65 S.E. 2d 361. It is alleged that he entered the intersection without a green light or go sign. And it may be inferred that if he had looked he would have ascertained that the Lefler automobile was already in the intersection.

On the other hand, Lefler, having the green light as she approached the intersection, it seems clear that she had the right to proceed. It is alleged she did proceed into the intersection. But if it be inferred from the allegation that she entered the intersection as the light was in process of changing, she was not under any duty of anticipating negligence on the part of Wyrick, but in the absence of anything which gave or should give notice to the contrary, she was entitled to assume, and to act on the assumption, that he, Wyrick, in the exercise of ordinary care, would not proceed into the intersection until after he had the green light, and she had cleared the intersection. See *Reeves v. Staley*, 220 N.C. 573, 18 S.E. 2d 239.

Moreover, while it is alleged that defendant Lefler drove through the intersection at an excessive rate of speed, it is not alleged that speed was the cause of her losing control. And the allegations as to reckless driving without specifying wherein defendant Lefler was reckless, are conclusions of law which are not admitted.

This case is distinguishable from *Aldridge v. Hasty, ante*, 353.

The judgment from which appeal is taken is

Reversed.