BRITT v. SHARPE

[99 N.C. App. 555 (1990)]

addressed on remand and thus we find that they do not merit discussion here.

IV

For the foregoing reasons, the order of equitable distribution is

Reversed.

Judges ARNOLD and LEWIS concur.

———————

ELTON BRITT, PLAINTIFF v. LARRY SHARPE, INDIVIDUALLY, AND AS AGENT FOR CAROLINA POWER & LIGHT COMPANY, DEFENDANTS

No. 8916SC1320

(Filed 17 July 1990)

1. **Electricity § 7.1 (NCI3d)— negligence in connecting electric cables to unsecured roof trusses—sufficiency of evidence**

   Evidence offered at trial was sufficient to permit the jury to find that defendant acted negligently in attaching electrical service cables and a come-along, a device used to connect and tighten the service cables, to the first truss on one end of a building on which plaintiff was installing a new sloped roof, thereby precipitating the collapse of the truss system and causing injury to plaintiff.

   **Am Jur 2d, Electricity, Gas, and Steam §§ 51, 93.**

2. **Electricity § 8 (NCI3d)— negligent installation of electric cables—no contributory negligence of plaintiff**

   In an action to recover for injuries sustained by plaintiff when trusses of a new roof collapsed, the trial court did not err in refusing to instruct the jury on defendants' contention that plaintiff was contributorily negligent in failing to warn defendant of the dangerous condition of the trusses, since plaintiff was under no duty to anticipate that defendant or anyone else would attach a heavy cable to the truss system which would exert such pressure as to cause the system to collapse.

   **Am Jur 2d, Electricity, Gas, and Steam §§ 51, 93.**

BRITT v. SHARPE

[99 N.C. App. 555 (1990)]

APPEAL by defendants from *Ellis (B. Craig), Judge.* Judgment entered 31 August 1989 in Superior Court, ROBESON County. Heard in the Court of Appeals 6 June 1990.

This is a civil action wherein plaintiff seeks to recover damages for personal injury allegedly resulting from the negligence of defendant Larry Sharpe, employed by defendant Carolina Power and Light Company, in a construction accident on 7 August 1985.

The evidence at trial tends to show the following: Plaintiff was employed as a superintendent of Cape Fear Construction Company, hired to construct a new sloped roof on top of an existing flat roof. On the date and time of the accident, twenty-four prefabricated trusses had been erected on the roof. The first truss at the north end of the building was stabilized with an exterior brace anchoring it to the ground. There were eight interior braces securing the trusses to the flat roof. Additionally, each truss was connected to the truss in front and in back of it. The twenty-third truss could not be placed properly because of an air conditioning duct, and therefore its peak was propped against the top of the twenty-second truss and fastened with one nail.

Approximately fifteen to twenty minutes after the twenty-third truss was placed, the entire truss system collapsed northward. Plaintiff was walking on the roof through the center of the truss system at the time. Several trusses landed on him causing the injuries complained of.

On the date of the accident, defendant Sharpe was employed by defendant Carolina Power and Light Company to reconnect electrical service to the building. This entailed extending electrical cable from a utility pole approximately forty feet away to a pole on the roof of the building. Having climbed a ladder to the roof, defendant Sharpe hooked the service cable and a "come-along" (a device used to connect and tighten the service cable) to the first truss on the north end of the building. The pressure exerted on the first truss by the cable and "come-along" was estimated to be about seventy pounds with the sag of the cable one foot off the ground (about one hundred pounds at seven feet) and increased as cable and "come-along" were raised. Within one to two minutes of the attachment of the cable and "come-along" to the truss by defendant, the truss system collapsed.

From the judgment entered on the verdict, defendants appealed.

*Musselwhite, Musselwhite & McIntyre, by W. Edward Musselwhite, for plaintiff, appellee.*

*Robert W. Kaylor and Robert S. Gillam for defendant, appellant Carolina Power and Light Company.*

*McLean, Stacy, Henry & McLean, by Everett L. Henry, for defendant, appellant Larry Sharpe.*

HEDRICK, Chief Judge.

[1] Defendants assign as error the denial of their motions for directed verdict and judgment notwithstanding the verdict. Defendants argue that the evidence simply was not sufficient to permit the jury to find that defendants were negligent in any way and that such negligence was a proximate cause of the collapse of the truss system and the resulting injuries to plaintiff.

Defendants maintain that the evidence, even when viewed in the light most favorable to plaintiff, fails to show that defendant Sharpe committed any negligent act. Assuming that defendant Sharpe did attach the cables to the first truss, defendants deny that the pressure exerted on the truss system by the cables was sufficient to cause its collapse and point out other possible causes, including the number of people working on the roof at the time of the accident. Defendants also contend that even if the collapse was caused by the attachment of cables to the truss, this act was not necessarily negligent on the part of defendant Sharpe. They maintain that since defendant Sharpe was not a carpenter, he had no way of knowing and was not warned that the unfinished structure was insecure and in danger of collapse with the application of pressure. Defendants argue that because defendant Sharpe, as a layman, could not tell that the truss system was unstable, his action cannot be considered negligent.

The evidence offered at trial is sufficient to permit the jury to find that defendant Sharpe acted negligently in attaching the service cables and "come-along" to the first truss on the north end of the building, thereby precipitating the collapse of the truss system and causing injury to plaintiff. The testimony of expert witnesses on issues such as the sufficiency of the bracing of the trusses, the amount of pressure actually exerted on the truss system by the service cables and "come-along," and the dynamics of the falling trusses is evidence to be considered by the jury in determin-

ing proximate cause. Additionally, defendant Sharpe's conflicting depositional and trial testimony as to whether he attached the cables to the truss itself or some other part of the roof is to be considered by the jury in determining negligence and causation. The question of whether Sharpe acted prematurely, and therefore negligently, in starting to reconnect electrical service to the unfinished roof is a question for the jury. Likewise, whether he knew or should have known that his acts might cause the trusses to fall was a question to be determined by the jury from the evidence presented. In short, we hold the evidence was sufficient to require submission of the issues to the jury and to support its verdict and the judge's order denying defendants' motion for judgment notwithstanding the verdict.

[2] Defendants' second assignment of error is that the court erred in refusing to instruct the jury on defendants' fifth contention "that plaintiff was contributorily negligent in failing to warn defendant Sharpe of the dangerous condition of the trusses." Defendants maintain that since plaintiff was supervising the carpentry work, he was bound by "ordinary care" to warn anyone approaching the roof of the potentially dangerous condition of the trusses. As supervisor, plaintiff was aware that the trusses were unstable and that other people would be on the roof; and therefore, defendants argue the fact that plaintiff did not see Sharpe climb onto the roof with the cables does not relieve him of fault in not warning Sharpe of the danger of collapse. Defendants contend that the trial court's refusal to instruct on this fifth contention does not amount to harmless error even though the court did instruct the jury on defendants' four other contentions of contributory negligence.

It is well established that a person has no duty to anticipate negligent acts or omissions of others. *Weavil v. Myers*, 243 N.C. 386, 90 S.E.2d 733 (1956). *See also Troxler v. Central Motor Lines*, 240 N.C. 420, 82 S.E.2d 342 (1954). Under the circumstances here presented, plaintiff was under no duty to anticipate that Sharpe or anyone else would attach a heavy cable to the truss system which would exert such pressure as to cause the system to collapse, and the trial judge did not err in instructing the jury as to defendants' fifth contention. The error assigned is without merit.

No error.

Judges ARNOLD and GREENE concur.